```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

NEW CENTURY BANK d/b/a
    CUSTOMERS BANK           :       CIVIL ACTION
                                    :
      v.                            :
                                    :
OPEN SOLUTIONS, INC.         :       NO. 10-6537

<u>MEMORANDUM</u>

Bartle, C.J.                                            February 16, 2011

       Before the court is the motion of plaintiff New Century Bank d/b/a Customers Bank ("Customers") for leave to file an amended complaint.

       The original complaint describes a dispute over the possession and format of a failed bank's electronic customer data that Customers purchased from the Federal Deposit Insurance Corporation (FDIC). Customers alleges that the failed bank's customer data is in the possession of defendant Open Solutions, Inc. ("OSI") and is maintained in a format not useable by Customers. It avers that OSI is wrongfully conditioning possession of the customer data and conversion of the data into a useable format on payment by Customers of certain monies due OSI from the failed bank.

       The proposed amended complaint alleges breach of a 1999 contract between Customers and OSI to which they added a June 2010 addendum, called a "supplemental purchase order," in

contemplation of Customers' planned acquisition of the failed bank.  Customers alleges that, pursuant to the supplemental purchase order, it paid OSI to convert the failed bank's data into a different format but that OSI breached the agreement by conditioning completion of the work on Customers' satisfying the failed bank's debts to OSI.  Neither the 1999 contract nor the 2010 addendum was mentioned in the original complaint.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleadings before trial with leave of court, and the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a); see Forman v. Davis, 371 U.S. 178, 182 (1962).  However, the court need not grant such leave in the presence of "undue delay, bad faith or dilatory motive on the part of the movant," or where amendment would cause "undue prejudice to the opposing party."  Forman, 371 U.S. at 182; see In re Burlington Coat Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

The discovery period and trial date in this matter were greatly accelerated at Customers' request, with the aim of resolving the parties' disputes before a late March 2011 deadline imposed by the FDIC.  The complaint was filed on November 15, 2010, and by agreement of the parties, the court ordered discovery to be completed by January 31, 2011 and scheduled the trial for February 24 and 25, 2011.  Customers knew of the 1999 agreement and June 2010 supplemental purchase order before

initiating this lawsuit but delayed in filing its motion for leave to amend until after the close of discovery and only two weeks before trial.  OSI has not had an opportunity to take discovery on the claims raised for the first time in the proposed amended complaint.  Under all the circumstances, granting leave to amend on the eve of trial would unfairly prejudice OSI and will not be allowed.