**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NEW CENTURY BANK d/b/a CUSTOMERS
BANK,

                Plaintiff,

             v.

OPEN SOLUTIONS, INC.

                Defendant.

CIVIL ACTION NO. 10-cv-06537-HB

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2011, upon consideration of the

Motion of Plaintiff, New Century Bank d/b/a Customers Bank ("Customers"), to Amend

Findings of Fact and Conclusions of Law and to Alter or Amend Judgment Pursuant to Federal

Rules of Civil Procedure 52(b), 59(a)(2), and 59(e), and to Stay Enforcement of the Judgment

Pursuant to Federal Rule of Civil Procedure 62, and any response thereto, it is hereby

ORDERED that the Judgment entered on March 7, 2011 is hereby STAYED as to OSI's

Counterclaims.  It is further ORDERED that the Clerk is directed to immediately file the bond

attached as Exhibit 1 to Customers' Memorandum of Law in Support of its Motion to Amend

Findings of Fact and Conclusions of Law and to Alter or Amend Judgment Pursuant to Federal

Rules of Civil Procedure 52(b), 59(a)(2), and 59(e), and to Stay Enforcement of the Judgment

Pending Disposition of this Motion Pursuant to Federal Rule of Civil Procedure 62.

                BY THE COURT:

                _____

                Hon. Harvey Bartle, III, CJ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 10-cv-06537-HB |
| OPEN SOLUTIONS, INC. | |
| Defendant. | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2011, upon consideration of the

Motion of Plaintiff, New Century Bank d/b/a Customers Bank, to Amend Findings of Fact and

Conclusions of Law and to Alter or Amend Judgment Pursuant to Federal Rules of Civil

Procedure 52(b), 59(a)(2), and 59(e), and to Stay Enforcement of the Judgment Pursuant to

Federal Rule of Civil Procedure 62, and any response thereto, it is hereby ORDERED that:

(1)  the Motion is GRANTED;

(2)  paragraphs 4 and 5 of the judgment entered on March 7, 2011 in favor of

Defendant/Counterclaim Plaintiff, Open Solutions, Inc. ("OSI"), on Counts I and II of OSI's

Counterclaims are VACATED; and

(3)  the judgment is AMENDED to enter judgment in favor of

Plaintiff/Counterclaim Defendant, New Century Bank d/b/a Customers Bank, on Counts I and II

of OSI's Counterclaims.

BY THE COURT:

_____
Hon. Harvey Bartle, III, CJ

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NEW CENTURY BANK d/b/a CUSTOMERS
BANK,

              Plaintiff,

        v.

OPEN SOLUTIONS, INC.

              Defendant.

CIVIL ACTION NO. 10-cv-06537-HB

**MOTION OF NEW CENTURY BANK D/B/A CUSTOMERS BANK
TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW
AND TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE 52(b), 59(a)(2) AND 59(e), AND TO STAY ENFORCEMENT OF
THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62**

Pursuant to Federal Rules of Civil Procedure 52(b), 59(a)(2), and 59(e),

Plaintiff/Counterclaim Defendant, New Century Bank d/b/a Customers Bank ("Customers"),

respectfully moves to amend the Court's Findings of Fact and Conclusions of Law (Dkt. No. 53)

and to alter or amend, in part, the judgment entered on March 7, 2011. (Dkt. No. 55.)

Additionally, pursuant to Federal Rule of Civil Procedure 62, Customers moves to stay

enforcement of the judgment entered on March 7, 2011 (Docket No. 55) pending disposition of

this Motion.  Alternatively, should the Court deny Customers' motion to amend the judgment,

Customers requests that the Court stay enforcement of the judgment pending appeal to the Court

of Appeals for the Third Circuit.

In support of this Motion, Customers incorporates herein by reference the accompanying Memorandum of Law and exhibit.  A form of Order is attached.

/s/William T. Mandia
Nicholas Deenis (PA I.D. No. 62378)
Andrew K. Stutzman (PA I.D. No. 72922)
William T. Mandia (PA I.D. No. 91792)
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
T:  (215) 564-8000
F:  (215) 564-8120

*Attorneys for Plaintiff/Counterclaim Defendant,*
*New Century Bank d/b/a Customers Bank*

Dated:  March 18, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK,<br><br>                     Plaintiffs,<br><br>          v.<br><br>OPEN SOLUTIONS, INC.<br><br>                    Defendant. | CIVIL ACTION NO. 10-cv-06537-HB |

**MEMORANDUM OF LAW OF NEW CENTURY BANK D/B/A CUSTOMERS BANK
IN SUPPORT OF MOTION TO AMEND FINDINGS OF FACT AND
CONCLUSIONS OF LAW AND TO ALTER OR AMEND JUDGMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 52(b), 59(a)(2) AND 59(e)
AND TO STAY ENFORCEMENT OF JUDGMENT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62</u>**

Plaintiff/Counterclaim Defendant, New Century Bank d/b/a Customers Bank ("Customers"), submits this Memorandum of Law in support of its Motion to Amend Findings of Fact and Conclusions of Law and to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure 52(b), 59(a)(2) and 59(e). Additionally, pursuant to Federal Rule of Civil Procedure 62, Customers moves to stay enforcement of the judgment entered on March 7, 2011 (Docket No. 55) pending disposition of this Motion. Alternatively, should the Court deny Customers' motion to amend the judgment, Customers requests that the Court stay enforcement of the judgment pending appeal to the Court of Appeals for the Third Circuit.

**I.      <u>BACKGROUND</u>**

On February 24, 2011, the Court held a one day bench trial. On March 7, 2011, the Court entered a judgment in favor of Defendant/Counterclaim Plaintiff, Open Solutions, Inc. ("OSI") on all of the claims that Customers asserted against OSI and on Counts I and II of OSI's

Counterclaims against Customers.  (See Dkt. No. 55.)  The Court also issued Findings of Fact and Conclusions of Law in support of the judgment.  (See Dkt. No. 53.)

In its Findings of Fact and Conclusions of Law, the Court concluded as to OSI's Counterclaims that Customers assumed two contracts that OSI had with USA Bank (the "OSI-USA Bank contracts") under the terms of the Purchase and Assumption Agreement that Customers entered into with the Federal Deposit Insurance Corporation, in its capacity as the receiver for USA Bank.  (See Findings of Fact and Conclusions of Law, pp. 16-19.) Specifically, the Court concluded that OSI had standing to pursue claims against Customers that were based on OSI's interpretation and enforcement of the Purchase and Assumption Agreement.  (Id. 18-19.)  The Court further concluded that the OSI-USA Bank contracts are "services" agreements and, as such, governed by the 30 day option period set forth in  Section 4.8 of the Purchase and Assumption Agreement.  (Id. 16-18.)  The Court found that Customers assumed the OSI-USA Bank contracts because it did not provide notice that it was not assuming those agreements within the 30 day option period set forth in Section 4.8 of the Purchase and Assumption Agreement.  (Id.)

As set forth below, Customers' respectfully requests that the Court amend its Findings of Fact and Conclusions of Law and alter its judgment as to OSI's Counterclaims to find in favor of Customers and against OSI.

## II.  **ARGUMENT**

### A.  **The Court Should Grant Customers' Motion and Amend its Findings of Fact and Conclusions of Law And Alter Or Amend Its Judgment**

#### 1.  **Legal Standard**

Following a bench trial, and after a court issues its findings of fact and conclusions of law and its judgment, a party may move pursuant to Federal Rules of Civil

Procedure 52(b), 59(a)(2) and 59(e) to amend the findings of fact and conclusions of law and to

alter or amend the judgment.  Specifically, Federal Rule of Civil Procedure 52(b) provides:

> **Amended or Additional Findings.**  On a party's motion filed no
> later than 28 days after the entry of judgment, the court may amend
> its findings—or make additional findings—and may amend the
> judgment accordingly.  The motion may accompany a motion for
> new trial under Rule 59.

Federal Rule of Civil Procedure 59(a)(2) and (e), in turn, provide:

> **Further Action After a Nonjury Trial.**  After a nonjury trial, the
> court may, on motion for a new trial, open the judgment if one has
> been entered, take additional testimony, amend findings of fact and
> conclusions of law or make new ones, and direct the entry of a new
> judgment.

> **Motion to Alter or Amend a Judgment.**  A motion to alter or
> amend a judgment must be filed not later than 28 days after the entry
> of the judgment.

A motion filed under these rules should be granted when it is necessary to correct

manifest errors of law or fact or to allow for the presentation of new evidence or a change in

controlling legal authority.  See Great Am. Ins. Co. v. Honeywell Int'l, Inc., 2009 WL 5064478

at *1 (W.D. Pa. Dec. 17, 2009) (holding that Rule 52(b) allows a court to correct manifest errors

of law or fact, or in limited circumstances, to present newly discovered evidence and that Rule

59(e) allows the court to alter or amend verdict to address "the availability of new evidence not

previously available, (2) an intervening change in controlling law, or (3) the need to correct a

clear error of law or to prevent manifest injustice.")  United States of Am. v. Schiffer, 836 F.

Supp. 1164 (E.D. Pa. 1994) ("Courts have cited three grounds for granting a new trial under Rule

59( a)( 2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered

evidence.")

For the following reasons, Customers respectfully requests that the Court amend its findings of fact and conclusions of law as follows to correct a clear error of law or fact and to avoid a manifest injustice.

> **2.      The Court Should Amend its Findings of Fact and Conclusions of Law to Find that OSI Lacks Standing to Pursue its Claims and Alter its Verdict on OSI's Counterclaims to Find in Favor of Customers**

The Court concludes in its Findings of Fact and Conclusions of Law that OSI has standing to pursue its claims against Customers because Customers assumed the OSI-USA Bank contracts under Section 4.8 of the Purchase and Assumption Agreement.  Customers, however, respectfully submits that the Court committed an error of fact and law in reaching this conclusion.  OSI is not in privity of contract with Customers or FDIC-R and, therefore, cannot interpret or enforce the Purchase and Assumption Agreement against Customers.

It is well-settled that the validity, effect, and interpretation of a contract "are matters which are open to challenge or enforcement only by those in privity of contract or those with some legal right existing at common law or created by statute" and that "[a]ll others must be deemed strangers to the [a]greement with no standing to assert any rights thereunder." Rottmund v. Continental Assur. Co., 761 F.Supp. 1203, 1209 (E.D.Pa. 1990).  As a result, a non-party "to [a] contract may assert rights under [the contract] only where the instrument demonstrates that the third-party was an intended beneficiary." Township of South Fayette v. Allegheny County Housing Auth., 27 F.Supp. 2d 582, 599 (W.D.Pa. 1998).

OSI did not, nor could it, present any evidence or argument at trial to demonstrate that it was in privity of contract with Customers or FDIC-R.  To the contrary, the undisputed evidence of record demonstrates that OSI was <u>not</u> in privity of contract with Customers or FDIC-R.  Specifically, Section 13.5 of the Purchase and Assumption Agreement provides:

4

> **13.5  <u>Successors</u>.**  All terms and conditions of this Agreement shall be binding on the successors and assigns of the Receiver, the Corporation and the Assuming Institution.  Except as otherwise specifically provided in this Agreement, nothing expressed or referred to in this Agreement is intended or shall be construed to give any Person other than the Receiver, the Corporation and the Assuming Institution any legal or equitable right, remedy or claim under or with respect to this Agreement or any provisions contained herein, it being the intention of the parties hereto that this Agreement, <u>the obligations and statements of responsibilities hereunder, and all other conditions and provisions hereof are for the sole and exclusive benefit of the Receiver, the Corporation and the Assuming Institution and for the benefit of no other Person.</u>

(<u>See</u> Ex. P-1, Purchase and Assumption Agreement, ¶ 13.5 (emphasis added).)

Moreover, as set forth in the testimony of Robert C. Schoppe, the Assistant Director for the Division of Resolutions and Receiverships for the FDIC, OSI is not in privity of contract with Customers or the FDIC, as Section 13.5 makes clear:

> Q. Okay. I want to go back to the purchase and assumption agreement. And can you tell me whether or not OSI is a party to this agreement?
>
> A. No, sir.
>
> MR. SHAFFER: Objection. It speaks for itself.
>
> A. No, sir, they are not a party to this agreement.
>
> Q. (BY MR. DEENIS) Okay. Can you tell me whether or not OSI is a third-party beneficiary to this contract?
>
> MR. SHAFFER: Objection. No foundation, asks for a legal conclusion. The witness has no personal knowledge. He's not a legal expert.
>
> Q. (BY MR. DEENIS) You can answer.
>
> A. Based on my knowledge, OSI is not a party or beneficiary to this agreement.
>
> Q. Let me turn your attention to Section 13.5 of the agreement on Page 40.

A. I have that in front of me. I was actually looking for it when you asked the question.

Q. Okay. What's your understanding of why Section 13.5 is in this agreement?

MR. SHAFFER: Objection. Speaks for itself. The agreement is unambiguous.

Q. (BY MR. DEENIS) You can answer.

A. That paragraph does, in fact, stand on its own and it simply says that the agreement is between FDIC and Customers Bank and not for the benefit of anybody else. I may not be quoting that word-for-word but that's generally what it means.

(See Ex. D-29, Deposition of Robert C. Schoppe, p. 21 l. 17 – 22 l. 20.)

The Court's Findings of Fact and Conclusions of Law do not include any reference to Section 13.5 of the Purchase and Assumption Agreement or to Mr. Schoppe's testimony. Customers therefore requests that the Court amend its Findings of Fact and Conclusions of Law to include Section 13.5 of the Purchase and Assumption Agreement and Mr. Schoppe's testimony and reverse its conclusion that OSI has standing to pursue its claims. Based on the undisputed evidence of record, OSI simply cannot, as a matter of law, pursue its claims that Customers assumed the OSI-USA Bank contracts under the Purchase and Assumption Agreement because it is not in privity of contract with Customers or FDIC-R. See GECCMC 2005-C1 Plummer Street Office Limited Partnership, Civ. A. No. 2:10-cv-01615, 11-12 (C.D. Cal. Jul. 7, 2010) (attached as Ex. 3 to Customers' Motion for Reconsideration); See Accardi Endeavors, LLC v. FDIC, No. 8:10-cv-839-T-26EAJ, 2010 WL 3123085 at * 4 (M.D. Fla. Aug. 9, 2010); Witchita Falls Office Assocs. v. Banc One Corp., Civ. A. No. 3:90-cv-1301 (N.D. Tex. Nov. 22, 1993) (a copy of which is attached to Customers' Motion for Reconsideration as Ex. 4); Old Stone Bank v. Fidelity Bank, 749 F. Supp. 147 (N.D. Tex. 1990).

**3.    The Court Should Amend its Findings of Fact and Conclusions of Law to Find that Section 4.7 of the Purchase and Assumption Agreement Applies to the OSI-USA Bank Contracts and Amend its Judgment Accordingly**

Customers also requests that the Court amend its Findings of Fact and Conclusions of Law and its verdict to find that Section 4.7 of the Purchase and Assumption Agreement, not Section 4.8, governs the OSI-USA Bank contracts.

The undisputed evidence of record demonstrates that both Customers and FDIC-R—the only parties to the Purchase and Assumption Agreement—are in agreement that Section 4.7 of the Purchase and Assumption Agreement applies to the OSI-USA Bank contracts and that Customers timely notified FDIC-R that it was not assuming either of those agreements. Specifically, the evidence establishes that Customers and FDIC-R amended Section 4.7 of the Purchase and Assumption Agreement to give Customers an extension until November 8, 2010 to provide notice as to whether it would be assuming the OSI-USA Bank contracts and that Customers timely notified FDIC-R on November 3, 2010 that it would not be assuming those agreements.  (See Exs. P-2; P-11.)  FDIC-R accepted Customers' notice and there is no dispute between Customers and FDIC-R that Customers did not assume the OSI-USA Bank contracts. (See Ex. D-29, Deposition Transcript of Robert C. Schoppe, p. 15 l. 10 – 16 l. 3, p. 18 l. 14 – p. 20 l. 22, p .22 l 21 – p. 23 l. 4.)  The Court should not force an interpretation of the Purchase and Assumption Agreement on Customers and FDIC-R, that is contrary to what they have agreed to, in favor of the interpretation advanced by OSI, a non-party to the Purchase and Assumption Agreement that is not in privity of contract.

Moreover, the undisputed testimony of Mr. Schoppe is that FDIC-R has always treated contracts such as the OSI-USA Bank contracts as subject to Section 4.7 and that a 90 day transition period is required for such contracts.  (See Ex. D-29, Deposition of Robert C. Schoppe, p. 23 ll. 5-9, 24-25, p. 24 ll. 1-4, p. 16 l. 10 – p. 17 l. 5.)  Specifically, Mr. Schoppe explained:

> If you're going to give an assuming bank an option on using the example as I did before, the lawn mowing company, the mail equipment, the copy machines, they can make a decision on that pretty quickly and so they can make those decisions in 30 days. However, for the data processing equipment, we give them a longer period because it just takes much longer to deconvert -- well, actually to look at the system to see if they want to use that system as opposed to the system that they were on which rarely happens. But we give them a longer period, that 90 days, so that they can deconvert from that system.  And quite honestly, it's probably – we have to extend that 90 days more on than not because in today's environment, it's just very difficult for a bank to deconvert in 90 days especially if you get around the holidays where a company just cannot fit in an assuming bank to actually make that deconversion. So that's why data processing equipment is 90 days versus 30 days in the other paragraph.

(See Ex. D-29, Deposition of Robert C. Schoppe., p. 16 l. 10 – 17 l. 5.)

Additional testimony and evidence presented at trial concerning the nature of the OSI-USA Bank contracts further demonstrates that those contracts are for the lease of "Data Processing Equipment" and, therefore, governed by Section 4.7 of the Purchase and Assumption Agreement.  Specifically, the testimony reveals that the OSI software installed on the computer terminals at USA Bank and related equipment that OSI provided to USA Bank under the OSI-USA Bank contracts was necessary for any data processing that OSI provided.  Indeed, OSI's own witness testified that without the OSI provided-software the customer data of USA Bank could not be transmitted to OSI's data center for processing. (Trial Transcript, 151:18-24.) Moreover, OSI did not transfer ownership of the software or any of the equipment it provided to Customers.  To the contrary, the 2005 OSI-USA Bank contract provides that USA Bank was

obligated to return the software and any hardware to OSI.  (See Ex. P-5, 2005 Agreement, ¶

10.F.)  In fact, the deconversion schedules that OSI relied upon at trial provided that certain

routers were to be returned to OSI.  (See Ex. D-6, Deconversion Schedules, Schedule D, p.4.)

Based on the foregoing, the Court should amend its Findings of Fact and

Conclusions of Law to include the above-referenced testimony and evidence and find that

Section 4.7 of the Purchase and Assumption Agreement  governs the OSI-USA Bank contracts.

As the evidence presented at trial makes clear, Section 4.7 of Purchase and Assumption

Agreement, not Section 4.8, governs the OSI-USA Bank contracts.  Accordingly, Customers

requests that the Court amend its Findings of Fact and Conclusions of Law and its judgment to

find against OSI and in favor of Customers on OSI's Counterclaims.

### 4. OSI's Claims Are Barred By FIREAA.

Customers argued in its Motion to Dismiss the Complaint that Plaintiff's

Counterclaims were an impermissible attempt to circumvent the comprehensive repudiation and

claims administration process set forth in Financial Institutions Reform, Recovery and

Enforcement Act of 1989, 12 U.S.C. § 1821 et seq. ("FIRREA").  The Court rejected this

argument in its Memorandum of January 25, 2011 (Dkt. No. 23), concluding that only the FDIC

could raise FIRREA as a defense to claims asserted against it.  (See Memorandum, pp. 9-10.)

Specifically, the Court held that "FIRREA governs claims against the FDIC and this court's

jurisdiction over the FDIC" and that the "statute does not purport to address claims against banks

that acquire assets from the FDIC or to limit this court's jurisdiction over such banks."  (Id. at p.

10.)

Contrary to the Court's conclusion, FIRREA does act as a bar to claims brought

against an acquiring institution, such as Customers.  See 12 U.S.C. § 1821(j), § 1821 (d)(13)(D);

see also Hindes v. F.D.I.C., 137 F.3d 148, 160 (3d Cir. 1998) ("a court order which operates against a third party is precluded by section 1821(j) if the order would have the same effect from the FDIC's perspective as a direct action against it precluded by section 1821(j)."); Village of Oakwood v. State Bank & Trust Co., 539 F.3d 373, (6th Cir. 2008) (rejecting argument that "because the [u]ninsured [d]epositors have sued only [acquiring institution], rather than the FDIC, their claims fall completely outside of the framework of FIRREA's administrative process" because the "\problem with this novel argument is that all of their claims against [acquiring institution] are directly related to acts or omissions of the FDIC as the receiver of [the failed institution]."). As the circuit court recognized in Village of Oakwood, "accepting the [u]ninsured [d]epositors argument and permit[ting] claimants to avoid [the] provisions of [12 U.S.C. § 1821] (d)(6) and (d)(13) by bringing claims against the assuming bank . . . . would encourage the very litigation that FIRREA aimed to avoid." Id. Accordingly, the Court should amend its judgment to find in favor of Customers and against OSI on the grounds that OSI's claims are barred by FIRREA.

### B.   The Court Should Stay Enforcement of the Judgment Against Customers.

Rule 62(b) of the Federal Rules of Civil Procedure provides that, "on appropriate terms for the opposing party's security, the court may stay execution of a judgment—or any proceedings to enforce it—pending disposition of . . . motions" under Rule 52(b) and Rule 59. Fed. R. Civ. P. 62(b)(2)-(3). Further, Rule 62(d) of the Federal Rules of Civil Procedure provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond," that "[t]he stay takes effect when the court approves the bond." Rule 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." AMG Nat'l Trust Bank v. Ries, No. 06-4337, 2008 WL 2312352, at *1 (E.D. Pa. June 4, 2008); see also Blue

Mountain Envt'l Mgmt. Corp. v. Chico Enters., Inc., No. Civ. A. 01-460, 2005 WL 2304999, at

*1 (E.D. Pa. Sept. 21, 2005) ("The filing of a satisfactory supersedeas bond operates to preserve

the status quo and stay further proceedings.").

      Here, the Court should stay the monetary judgment of $103,973.89 and the

Court's declaratory judgment that Customers assumed the OSI-USA Bank contracts pending the

disposition of this Motion and, in the event that the Court denies the Motion, while Customers

takes an appeal.  Customers is entitled to a stay of the monetary judgment entered against it by

virtue of the supersedeas bond in the amount of $110,000.00 that Customers has obtained and

that is attached hereto as Exhibit 1.  While there is no rule that governs the required conditions

and/or amounts necessary for a supersedeas bond, this Court has recognized that a "bond should

normally be sufficient in amount to satisfy the judgment in full, plus interest and costs."  Ries,

2008 WL 2312352, at *1.  The bond attached as Exhibit 1 is more than sufficient to satisfy the

$103,973.89 judgment together with interest and costs.  Customers therefore requests that the

Court approve the bond and stay enforcement of the monetary judgment pending the disposition

of this Motion and any appeal in the event that an appeal is filed.

      Moreover, the Court should stay the declaratory relief it awarded to OSI in its

March 7, 2011 judgment.  It is well settled that "[w]hether to grant a stay is within the sound

discretion of [the] district court."  Twp. of Tinicum v. City of Philadelphia, Civ. A. No. 09-2872,

2010 WL 4628700, at *4 (E.D. Pa. Nov. 12, 2010).  In determining whether to grant a stay,

courts typically balance the following four factors:  (1) whether there is a strong likelihood of

success on the merits on appeal; (2) whether the movant will suffer irreparable harm if the stay is

not granted; (3) whether a stay will impose substantial harm on the other interested parties; and

(4) whether a stay is in the public interest. Id. (citing Harris v. Pernsley, 654 F.Supp. 1057, 1059

(E.D. Pa. 1987).  All of these factors weigh in favor of a stay of the declaratory relief the Court

awarded OSI.

        First, there is a strong likelihood that Customers will succeed on appeal.  As set

forth in Customers' Motion to Dismiss, Motion for Reconsideration, and in this Motion, OSI

lacks standing to pursue its Counterclaims against Customers because OSI's claims necessarily

require that OSI interpret and enforce the Purchase and Assumption Agreement.  OSI is not in

privity of contract with the parties to the Purchase and Assumption Agreement and its claims

therefore fail as a matter of law.  See  GECCMC 2005-C1 Plummer Street Office Limited

Partnership, Civ. A. No. 2:10-cv-01615, 12-13 (C.D. Cal. Jul. 7, 2010); Accardi Endeavors, LLC

v. FDIC, No. 8:10-cv-839-T-26EAJ, 2010 WL 3123085 at * 4 (M.D. Fla. Aug. 9, 2010);

Witchita Falls Office Assocs. v. Banc One Corp., Civ. A. No. 3:90-cv-1301 (N.D. Tex. Nov. 22,

1993); Old Stone Bank v. Fidelity Bank, 749 F. Supp. 147 (N.D. Tex. 1990).  In addition, as set

forth in Customers' Motion to Dismiss and above, FIRREA bars OSI's claims.

        Second, Customers will suffer irreparable harm if a stay is not granted.  The

judgment entered by the Court not only requires Customers to pay monetary damages to OSI, but

also provides that Customers has assumed the OSI-USA Bank contracts.  As evidenced by the

March 15, 2011 letter OSI's counsel sent to counsel for Customers, OSI is threatening to take

drastic actions against Customers purportedly in reliance on the judgment.  (See Letter of March

15, 2011, a copy of which is attached hereto as Ex. 2.)  In particular, OSI is demanding that

Customers pay all amounts that OSI claims are due and owing and that will become due and

owing under the OSI-USA Bank contracts, which based on the pre-trial submissions made by

OSI, OSI claims is in excess of $3 million.  In addition, OSI also demands that Customers pay all

amounts that OSI claims are due and owing or that will become due and owing under a contract

OSI had with ISN Bank, another failed financial institution that Customers acquired from the

FDIC.  OSI argues that as a result of the Court's finding that Section 4.8 of the Purchase and

Assumption Agreement governs the OSI-USA Bank contracts, that same provision in the ISN

Bank Purchase and Assumption Agreement applies to the OSI-ISN Bank contract and that

Customers has assumed the OSI-ISN Bank contract by failing to give the FDIC notice within

thirty days that it would not be assuming the contract.  Finally, OSI is demanding that Customers

pay higher monthly fees under the master agreement that exists between the parties as a result of

the acquisitions made by Customers.  OSI therefore seeks to force Customers to pay not only

amounts owed under the OSI-USA Bank contracts and the OSI-ISN Bank contract, but also

seeks to charge Customers additional amounts under the parties' existing agreement because

Customers acquired USA Bank and ISN Bank.

Third, OSI will suffer no prejudice if a stay is granted.  For the reasons set forth in

this Motion, OSI is not entitled to the judgment the Court entered and the Court should amend

the judgment to find in favor of Customers.  Moreover, Customers has posted appropriate

security for the monetary judgment entered by the Court and, as OSI's overreaching letter of

March 15, 2011 makes clear, it is Customers, not OSI, that will suffer extreme prejudice if a stay

is not granted.

Finally, important public policy concerns warrant a stay.  In particular, the

Court's finding that a non-party to a Purchase and Assumption Agreement between the FDIC has

standing to pursue claims based on the non-party's interpretation and enforcement of the

Purchase and Assumption Agreement has profound public policy implications.  The Purchase

and Assumption Agreement process, and the authority of the FDIC to repudiate contracts, are

among the most important tools at the disposal of the FDIC when a financial institution fails.

13

See <u>FDIC v. La Rambla Shopping Center, Inc.</u>, 791 F.2d 215, 218 (1st Cir. 1986) (explaining the FDIC purchase-and-assumption process and noting that it is "preferred" course of action for the FDIC after it has been appointed as the receiver for a failed bank); <u>see</u> <u>also</u> FDIC Statement of Policy, which is available at http://www.fdic.gov/regulations/laws/rules/5000-3500.html).  The Court's decision not only threatens the FDIC's exercise of its important statutory authority, but also creates a significant disincentive for an acquiring institution to enter into a Purchase and Assumption Agreements because such an institution could be subjected to potentially unknown and limitless liability, creating an atmosphere in which the FDIC would potentially be required to assume full responsibility for failed banks, which could "seriously deplete and very probably eliminate the funds necessary to insure member banks."  <u>Trigo v. FDIC</u>, 847 F.2d 1499, 1502 n.3 (11th Cir. 1988).

IV.   **CONCLUSION**

For all the foregoing reasons, Customers respectfully requests that the Court amend its Finding of Fact and Conclusions of Law and its judgment to enter judgment in favor of Customers on OSI's Counterclaims.  Customers also requests that the Court stay enforcement of the judgment entered on March 7, 2011 pending the disposition of this Motion.

Respectfully submitted:

/s/William T. Mandia
Nicholas Deenis (PA I.D. No. 62378)
Andrew K. Stutzman (PA I.D. No. 72922)
William T. Mandia (PA I.D. No. 91792)
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
T:  (215) 564-8000
F:  (215) 564-8120

*Attorneys for Plaintiff/Counterclaim Defendant,*
*New Century Bank d/b/a Customers Bank*

Dated:  March 18, 2011

## <u>CERTIFICATE OF SERVICE</u>

I, William T. Mandia, hereby certify that on March 18, 2011, I filed the foregoing

Motion, Memorandum of Law and exhibits.  These documents are available for reviewing and

downloading by the following from the ECF system by the following:

Ronald J. Shaffer
Dana S. Katz
Fox Rothschild LLP
2000 Market Street, Twentieth Floor
Philadelphia, PA 19103

*Attorneys for Defendant/Counterclaim Plaintiff,*
*Open Solutions, Inc.*


s/ William T. Mandia
William T. Mandia

# 1330905