# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK,<br><br>        Plaintiff,<br><br>        v.<br><br>OPEN SOLUTIONS, INC.<br><br>        Defendant. | CIVIL ACTION NO. 10-cv-06537-HB |

## **ORDER**

AND NOW, this _____ day of _____, 2011, upon consideration of the Motion of Defendant/Counterclaim Plaintiff, Open Solutions, Inc., for an Award of Attorney's Fees, and the response of Plaintiff/Counterclaim Defendant, New Century Bank d/b/a/ Customers Bank thereto, it is hereby ORDERED, ADJUDGED, and DECREED that the Motion is DENIED.

BY THE COURT:

_____
Hon. Harvey Bartle, III, CJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK,<br><br>              Plaintiff,<br><br>      v.<br><br>OPEN SOLUTIONS, INC.<br><br>              Defendant. | CIVIL ACTION NO. 10-cv-06537-HB |

**MEMORANDUM OF LAW OF PLAINTIFF/COUNTERCLAIM DEFENDANT,
NEW CENTURY BANK D/B/A CUSTOMERS BANK,
IN SUPPORT OF ITS OPPOSITION TO THE MOTION OF
DEFENDANT/COUNTERCLAIM PLAINTIFF, OPEN SOLUTIONS INC.,
<u>FOR AN AWARD OF ATTORNEYS' FEES</u>**

Plaintiff/Counterclaim Defendant, New Century Bank d/b/a Customers Bank ("Customers"), hereby submits this response to the Motion of Defendant/Counterclaim Plaintiff, Open Solutions, Inc. ("OSI"), for an award of attorneys fees.

**I.      <u>BACKGROUND</u>**

In its Motion, OSI argues that it is entitled to recover attorney's fees in the amount of $209,031.50, which, according to OSI, represents the "full amount of its reasonable attorneys fees incurred in connection with this litigation." (OSI's Motion for Attorneys' Fees, Dkt. No. 58, Proposed Order.) OSI's argument is based exclusively on language in the Data Processing and Services Agreement entered into by OSI and USA Bank effective December 31, 2008 (the "2008 Agreement"). Specifically, that agreement provides that "[t]he prevailing party in any action to enforce this Agreement will be entitled to recover its costs and expenses including, without limitation, reasonable attorneys' fees." (<u>See</u> 2008 Agreement, § XVI. General, ¶ I.)

As set forth more fully below, OSI is not entitled to an award of the attorneys' fees that it seeks for several reasons. First, OSI waived its claim to attorneys' fees by failing to prove an entitlement to the fees it claims as an element of its damages at trial. Federal Rule of Civil Procedure 54(d)(2), the provision under which OSI moves for its fees, does not permit a party to recover fees in a breach of contract action when the fees sought are an element of damages that should have been proven at trial. Second, OSI is not a "prevailing party" in an "action to enforce [the 2008] Agreement." Indeed, the Court found that OSI did <u>not</u> meet its burden to establish a breach of the 2008 Agreement, holding that "OSI did not prove any breach of or any damages under the 2008 Agreement, and thus, OSI's claim under [that] contract has not been proven." (Findings of Fact, Dkt. No. 53, at 20.). Third, OSI has failed to meet its burden of establishing that the attorneys' fees it claims are reasonable. In support of its Motion, OSI submits the declaration of an attorney from the firm that represented OSI in this litigation that only provides the hourly rates for the attorneys that worked on this matter and describes in general terms the work they performed. OSI does not submit any invoices or a detailed summary of the work performed to enable Customers and the Court to evaluate whether the time expended was reasonable. Finally, even if OSI could recover fees under the 2008 Agreement, it is not entitled to the $209,031.50 that it seeks. OSI can only recover fees that are related to work it performed in support of its claims to enforce the 2008 Agreement. OSI cannot recover fees for other claims that it defended against or prosecuted, as it attempts to do in its Motion.

## II. ARGUMENT

### A. OSI Waived Its Right To Claim Attorneys' Fees.

Federal Rule of Civil Procedure 54(d)(2)(A) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion <u>unless the substantive law requires those fees to be proved at trial as an element of damages</u>." Fed. R. Civ. P. 54(d)(2)(A)

3

(emphasis added). As the official comments to Rule 54 make clear, the rule "does not apply to fees recoverable as an element of damages, <u>as when sought under the terms of a contract</u>; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury.") (emphasis added). Under Delaware law[1], a party seeking attorneys' fees under a contract is required to prove its claim for fees as an element of the damages it claims at trial. <u>See</u> <u>In re Hayes Lemmerz Int'l, Inc.</u>, 340 B.R. 461, 491-92 (D. Del. Bnk. 2006).

        OSI failed to present any evidence at trial in support of its claim for fees and cannot claim them now, after the trial has concluded and the record has closed, in reliance on Rule 54(d)(2)(A). OSI pled its claim for attorneys' fees in Counts I and II of the Counterclaims it asserted against Customers and, if OSI intended to prove its claim for its attorneys' fees, the time for it to present evidence in support of that claim was at trial. Having failed to present any such evidence at trial, OSI has waived its right to claim attorneys' fees and the Court should deny its Motion.

        **B.**    <u>**OSI Is Not A Prevailing Party Under The 2008 Agreement.**</u>

        Delaware law follows the "American Rule" under which "each party is obligated to pay its own attorneys' fees regardless of the outcome [of the litigation.]" <u>West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC</u>, C.A. No. 2742-VCN, 2009 WL 458779, at *8 (Del. Ch. Ct. Feb. 23, 2009). Allowance of counsel fees is "the exception to the general rule" and "[i]n an action at law, a court may not order the payment of attorney's fees as part of costs to be paid by the losing party unless the payment of such fees is authorized by some provision of statute or contract." <u>Casson v. Nationwide Ins. Co.</u>, 455 A.3d 361, 369 (Del. Super. Ct. 1982).

---

[1] The 2008 Agreement provides that it is to be interpreted under Delaware law. (Findings of Fact, Dkt. No. 53, at 20.)

Here, the only contractual provision that would allow for an award of attorney's fees is found in the 2008 Agreement. Section XVI, ¶ I of that agreement provides that "[t]he prevailing party in any action to enforce [the 2008] Agreement will be entitled to recover . . . reasonable attorneys' fees."[2] (See 2008 Agreement, § XVI. General, ¶ I.) OSI therefore can only recover attorneys' fees if it prevailed in an action to enforce the 2008 Agreement.

OSI is not entitled to recover the attorney's fees it seeks because it is not a prevailing party under the 2008 Agreement. Specifically, the Court held that OSI did <u>not</u> prove that Customers breached the 2008 Agreement: "OSI did not prove any breach of or any damages under the 2008 Agreement, and thus, OSI's claim under [that] contract has not been proven." (Findings of Fact, Dkt. No. 53, at 20.) While the Court found that Customers breached the 2005 Agreement, the Court made no such finding with respect to the 2008 Agreement. OSI cannot rely on the prevailing party provision in the 2008 Agreement as a basis for it to claim its fees where the Court expressly found that OSI failed to prove its claim for breach of the 2008 Agreement.

The Court's finding that Customers breached the 2005 Agreement does not provide a basis for OSI to claim fees under the prevailing party provision contained in the 2008 Agreement. The Third Circuit's decision in <u>PPG Industries v. Zurawin</u>, 52 Fed. Appx. 570 (3d Cir. 2002), is illustrative on this point. There, the plaintiff asserted claims against a manufacturer for breach of contract and defamation. The plaintiff succeeded on his defamation claim, but the Court entered judgment in favor of the manufacturer on the breach of contract claim. The plaintiff then moved to recover its attorneys fees based on a prevailing party

---

[2] The other agreement upon which OSI bases its claims, the agreement that existed between BISYS Information Solutions, L.P. and USA Bank with an effective date of August 1, 2005 (the "2005 Agreement"), does not contain a provision that allows for the recovery of attorney's fees. OSI does not, nor could it, make any argument that it is entitled to recover fees under the 2005 Agreement.

provision contained in its contract with the manufacturer.  The Third Circuit reversed the district court's award of attorneys' fees to the plaintiff, holding that the plaintiff was not a prevailing party under the contract at issue:

> Although there is little binding precedent on the subject, we agree . . . that the proper standard for determining which litigant is a "prevailing party" under a contractual provision regarding attorneys' fees should compare the relief sought by each litigant to the relief each litigant actually received. . . . Since the "prevailing party" clause, by its terms, applies only to litigation related to the subject matter of the [ ] Agreement, <u>only the relief awarded by the District Court concerning the parties' claims alleging breaches of the [ ] Agreement is relevant</u> . . . .

<u>Id.</u>  (emphasis added).  The same principles apply here and OSI cannot recover fees under the 2008 Agreement based on the Court's finding that there was a breach of the 2005 Agreement.

Nor can OSI rely on the Court's finding that Customers assumed the 2008 Agreement.  The mere finding that Customers assumed the 2008 Agreement does not make OSI a prevailing party in an action to enforce that agreement, particularly where the Court found that Customers has not breached the 2008 Agreement.  Simply put, OSI was unsuccessful in its attempt to establish that Customers breached the 2008 Agreement and, therefore, it cannot recover under the prevailing party provision contained in the 2008 Agreement.  Accordingly, the Court should deny OSI's Motion in its entirety.

    C.    <u>**OSI Has Not Met Its Burden Of Establishing The Reasonableness Of Its Attorneys' Fees.**</u>

OSI, as the party seeking an award of attorneys' fees, bears the burden of establishing its entitlement to the allegedly reasonable attorneys' fees claimed.  <u>See</u> <u>Bailet v. Kraft Foods, Inc.</u>, 2006 WL 1148666, at *2 (Del. Super. Ct. Feb. 16, 2006).  Specifically, a party seeking compensation for attorneys' fees must:  (1) demonstrate the reasonable market rate for the type and complexity of the legal services rendered and (2) document the hours for which payment is sought "with sufficient specificity."  <u>See</u> <u>Washington v. Philadelphia County Court of</u>

Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996)  A party requesting fees is therefore required to "submit evidence supporting the hours worked and rates claimed."  Hensley v. Eckerhart. 461 U.S. 424, 433 (1983).  A party meets this burden by providing detailed billing summaries of time spent by each attorney and paralegal so that the court can determine reasonableness of the fees claimed.  See Keenan v. City of Philadelphia, 983 F.2d 459, 473 (3d Cir. 1992).

Here, OSI has failed to meet its burden.  OSI does not provide a detailed summary of the hours spent by the attorneys and paralegals that worked on its behalf in this matter, as it is required to do.  Rather, OSI submits a Declaration from Scott L. Vernick, an attorney at the law firm that represented OSI, which provides only the hourly rates of two attorneys that worked on this case and describes in general terms the tasks that these attorneys performed.  Nowhere in its Motion or in Mr. Vernick's Declaration does OSI provide any invoices or a detailed account of the hours allegedly spent that identifies with some reasonable degree of precision the tasks performed.  As a result, neither Customers nor the Court can evaluate whether the attorneys' fees claimed are reasonable.  OSI has failed to meet its burden of proof and the Court should deny its Motion for an award of its attorneys' fees for this additional reason.

### D.     OSI Is Not Entitled To Recover All Of The Attorneys' Fees It Incurred In This Case.

Even if OSI could establish that it was a prevailing party under the 2008 Agreement, which, as set forth above, it cannot, OSI is not permitted to recover all of the attorneys' fees and costs that it claims in its Motion.  Specifically, OSI seeks to recover $209,031.50 in attorneys' fees, which, according to OSI, represents all of the fees it incurred in this case, regardless of whether the fees were incurred in defending against Customers' claims or in prosecuting claims for relief brought by OSI that were not based on the 2008 Agreement.  OSI is not entitled to the windfall that it seeks.

Under Delaware law, the courts have rejected the argument that "a [party] [who] prevails on some claims [ ] should recover [ ] attorney's fees on all claims both successful and unsuccessful." See Tekstrom, Inc., No. Civ .A. 03-06-0033, 2005 WL 3589401, at *2 (Del. C.P. Nov. 22, 2005). Rather, Delaware follows "[t]he majority rule . . . that if [ ] work can be reasonably apportioned between the fee claims and the non-fee claims, only the work performed on the fee claims should be compensated." Id. at *4 (citing Baughman v. Wilson Freight Forwarding Co., 583 F.2d 1208, 1215-16 (3d Cir. 1978)).

Here, OSI has made no effort to apportion its fees between those incurred in connection with its claims under the 2008 Agreement and those incurred in defending against or prosecuting other claims. Customers asserted three claims for relief in this case, none of which were based on the 2008 Agreement. OSI therefore cannot recover any of the fees that it incurred in defending against Customers' claims. OSI did not become a prevailing party under the 2008 Agreement by virtue of the Court's finding that Customers was not entitled to relief on its claims.

Moreover, in addition to the claims for declaratory relief and monetary damages OSI brought under the 2008 Agreement, OSI asserted additional claims against Customers for declaratory relief and monetary damages under the 2005 Agreement and for an alleged breach of a settlement agreement between Customers and OSI.[3] The 2008 Agreement, however, only permits OSI to recover fees incurred in connection with the enforcement of that agreement. The 2008 Agreement does not permit OSI to recover fees that it incurred in connection with the 2005 Agreement or the alleged settlement agreement.

---

[3] OSI dismissed its claim for alleged breach of the settlement agreement before trial with prejudice. OSI clearly did not prevail on that claim and it should not be permitted to recover the fees it incurred in connection with the prosecution of that claim.

In <u>Mendek v. Mendek</u>, No. Civ. A. 2559-VCP, 2009 WL 2005365, at (Del. Ch. Ct. July 1, 2009), the court rejected an attempt, similar to the one OSI makes here, to recover all of the fees a plaintiff incurred in prosecuting an action. The plaintiff in <u>Mendek</u> asserted multiple claims for breaches of various agreements, as well as a statutory claim under the Delaware Uniform Fraudulent Transfer Act ("UFTA"). <u>Id.</u> at 5. The court found in favor of plaintiff on her claims for breach of a Guaranty and a Consulting Agreement, but found that plaintiff had not established breach of the settlement agreement at issue ("SSO") and it did not address the plaintiff's UFTA claims. <u>Id.</u> Both the Guaranty and the SSO contained similar provisions entitling plaintiff to recover attorneys fees if she prevailed on her claims. <u>Id.</u> at 15. The plaintiff sought to obtain all of the attorneys' fees incurred in connection with the litigation, including fees for claims based on the SSO and the UFTA. The court found that the plaintiff was not entitled to all of the fees claimed because she did not prevail on her claim for breach of the SSO and her UFTA claim was not based on the Guaranty. <u>Id.</u> The court held that the plaintiff was only entitled to recover "those reasonable attorneys' fees and costs association with the portion of her claims pertaining to [defendant's] liability under [the] Guaranty[.]" <u>Id.</u>

The result can be no different here. OSI is not entitled to recover all of the attorneys' fees and costs it incurred in defending this case under the 2008 Agreement, particularly where the majority of its claims were not based on the 2008 Agreement and none of Customers' claims were based on the 2008 Agreement. Accordingly, the Court should deny OSI's Motion.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, Customers, respectfully requests that this Court enter an Order denying OSI's Motion for an Award of Attorneys' Fees.

/s/William T. Mandia
Nicholas Deenis (PA I.D. No. 62378)
Andrew K. Stutzman, Esquire (PA I.D. No. 72922)
William T. Mandia (PA I.D. No. 91792)
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
T:  (215) 564-8000
F:  (215) 564-8120

*Attorneys for Plaintiff/Counterclaim Defendant,
New Century Bank d/b/a Customers Bank*

Dated:  April 4, 2011

## CERTIFICATE OF SERVICE

I, William T. Mandia, hereby certify that on April 4, 2011, I filed the foregoing document on the Court's ECF system. The document is available for reviewing and downloading by the following from the ECF system:

>Ronald J. Shaffer
>Dana S. Katz
>Fox Rothschild LLP
>2000 Market Street, Twentieth Floor
>Philadelphia, PA 19103
>
>*Attorneys for Defendant/Counterclaim Plaintiff, Open Solutions, Inc.*

>s/ William T. Mandia
>William T. Mandia

# 1340280