# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK, <br><br> Plaintiff/Counter-defendant, <br> v. <br><br> OPEN SOLUTIONS, INC., <br><br> Defendant/Counter-plaintiff. | CIVIL ACTION NO. 10-cv-06537-HB |

## FDIC-RECEIVER'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO INTERVENE

The Federal Deposit Insurance Corporation as Receiver for USA Bank ("FDIC-Receiver") submits this reply memorandum of law in further support of its motion to intervene. As the Court by now is well aware, the primary issue FDIC-Receiver seeks to raise is whether the Court has subject matter jurisdiction over the counterclaims asserted by Open Solutions, Inc. ("OSI"). Such challenges may be brought to the Court's attention after judgment or even on appeal. Indeed, Fed. R. Civ. P. 12(h)(3) states:

> If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Accordingly, OSI's repetitive assertion that FDIC-Receiver's motion to intervene to assert the absence of subject matter jurisdiction is untimely should be rejected.

The FDIC-Receiver's intervention to challenge subject matter jurisdiction is necessary to effectuate the important Congressional policies embodied in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821 *et seq.* Without

engaging in "government speak"[1] or having a "distinctly 'Chicken Little' quality"[2] one can conclude, as did the Third Circuit, that FIRREA's withdrawal of subject matter jurisdiction is "intended to permit the FDIC to perform its duties as conservator or receiver promptly and effectively without judicial interference." *Hindes v. F.D.I.C.*, 137 F.3d. 148, 160 (3d Cir. 1998).

OSI's further contention that FDIC-Receiver lacks a sufficient interest in the subject of this litigation is inconsistent with both the facts and the applicable law. On the facts, OSI has now conceded that this litigation was about the Purchase and Assumption Agreement ("P&A") among Customers Bank, the FDIC in its corporate capacity and FDIC-Receiver. Dkt. 67 at p. 8. P&As like that at issue here are the engines that the FDIC uses to transfer the assets and liabilities of failed financial institutions to viable institutions nationwide. The ripple effect of the Court's decision in this case impacts hundreds of existing P&As, impeding the FDIC-Receiver's ability to discharge its statutory responsibilities. An interpretation by this Court as to how a P&A is interpreted and operates will have ramifications beyond this case. In fact, OSI already has sought to apply this Court's construction of the P&A Agreement for USA Bank to OSI's contract with another failed institution, ISN Bank, also acquired by Customers Bank under a P&A. *See* Dkt. No. 56, Exh. 2.

On the law, OSI simply ignores numerous cases cited by FDIC-Receiver to establish the adequacy of its interest for Rule 24(a) purposes. Here, OSI effectively has obtained a ruling voiding the FDIC-Receiver's repudiation of the OSI contract, a power expressly denied the Court by FIRREA. 12 U.S.C. §§ 1821 (d) and (j). There is a paramount public interest in the FDIC-

---

[1] OSI's description set forth in its Memorandum of Law of Open Solutions Inc. In Opposition to Federal Deposit Insurance Corporation's Motion to Intervene Pursuant to Fed. R. Civ. P. 24 ("OSI Mem.") at 2.

[2] *Id.* at 3.

Receiver being able to act free of judicial challenges such as has occurred here. That interest is even stronger when a party uses its lawsuit to evade the administrative claims process FIRREA established to move its claim ahead of others, as OSI has done. Because Congress has entrusted the administration of failed financial institutions to FDIC-Receiver, it should be permitted to intervene to protect its vital public interest.

## ARGUMENT

## OSI HAS OFFERED NO BASIS TO WARRANT DENIAL OF FDIC–RECEIVER'S MOTION TO INTERVENE.

OSI's opposition responds only selectively to the arguments raised in the Memorandum In Support of FDIC–Receiver's Motion to Intervene ("Br."). We address below OSI's arguments regarding timeliness, the adequacy of FDIC – Receiver's interest, the inadequate representation of FDIC-Receiver's interest in the case and Rule 24(c).

### A. In the Unique Circumstances Presented, the Motion to Intervene Is Timely.

The Third Circuit has spoken of the "elasticity that Rule 24 contemplates," *Kleisser v. U.S. Forest Service*, 157 F.3d 964, 970 (3d Cir. 1998). As OSI notes, timeliness is to be "determined from all the circumstances," OSI Mem. at 7 (quoting *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 500 (3d Cir. 1982)). Where a party seeks intervention as of right, a more liberal standard of timeliness applies, and courts should be especially reluctant to use timeliness as a reason for denial. 7C Wright, Miller & Kane, *Federal Practice and Procedure*, § 1916 n.5 (citing *Brennan v. Steamfitters Local Union No. 449*, 64 F.R.D. 633 (W.D.Pa. 1974)).

As this Court has noted, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "may be made at any time." *Aljaf Associates Limited Partnership v. F.D.I.C.*, 879 F. Supp. 515, 516 (E.D.Pa. 1995). The asserted absence of subject matter jurisdiction here is an enormously significant circumstance that OSI simply does not address. While FIRREA and

standing issues were raised, it does not appear that the Court's lack of subject matter jurisdiction over the counterclaims, even in the absence of the FDIC-Receiver as a party, was brought directly to the Court's attention. As the Court observed at the end of the trial: "Well, I guess the question is what does the statute say with respect to the FDIC. Now, nobody has - - nobody has laid out the statutory scheme here." Trial TR. at 222, lines 15-17. As the D.C. Circuit Court of Appeals concluded in a case also involving post-judgment intervention to assert critical governmental interests:

> [T]he District Court failed to weigh the importance of this case to the United States' foreign policy interests and the purposes for which the Government sought to intervene. This is not a case where the United States was simply seeking to weigh in on the merits. Rather, the Government's sole purpose in intervening was to raise a highly tenable challenge to the District Court's subject matter jurisdiction in a case with undeniable impact on the Government's conduct of foreign policy and to preserve that issue for appellate review.

*Acree v. Republic of Iraq*, 370 F.3d 41, 50 (D.C. Cir. 2004), overruled on other grounds in *Iraq v. Beaty* ___ U.S.___, 129 S.Ct. 2183 (2009).

As a general proposition, "The analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)(rejecting notion that date when would-be intervenor became aware of litigation should be used to gauge timeliness). Neither *In re Fine Paper Antitrust Litigation* nor any other case OSI cites dealt with an attempt to intervene in order to put before the court the absence of subject matter jurisdiction.[3]

---

[3] *In re Fine Paper Antitrust Litigation*, however, is authority for the conclusion that FDIC-Receiver's alternative request to intervene for purposes of appeal is timely, having been filed prior to the expiration of the time to file a notice of appeal, 695 F.2d at 501, discussing *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977). OSI did not address this request directly, although it acknowledged FDIC-Receiver "may have the ability to file an amicus brief" on appeal, OSI Mem. at 9. Also on timeliness of leave to intervene for appellate purposes, *see Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 131, 134 (3d Cir. 1979), cited in Br. at 16, to which OSI has not responded. *See also Elliot Indus. Ltd. Partnership v. BP Am. Prod. Co.*,

The stage of proceedings does not matter if the Court never had the power to entertain such proceedings in the first instance.

OSI does not dispute the breadth of FDIC-Receiver's responsibilities. FDIC-Receiver must address a multitude of problems in administering the receivership of a failed bank in order to protect the bank's depositors, the bank's community, and the banking system generally. It would be unduly burdensome if it were required to intervene at the inception in every case where a frustrated vendor hopes to move its claim ahead of others. In view of these considerations, Congress aimed to shield FDIC-Receiver from this burden through FIRREA, first, by barring claims that restrain or affect FDIC-Receiver's exercise of its powers and functions from judicial review, 12 U.S.C. §1821(j); and second, by establishing an administrative procedure for claims concerning rights with respect to receivership assets or relating to any act or omission of the FDIC-Receiver, leaving the courthouse door open for review of such claims only after exhaustion of that administrative process, 12 U.S.C. §1821(d)(13)(D)(i) and (ii). *Hindes v. F.D.I.C.*, supra, 137 F.3d at 160; *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008). To the extent any case law suggests "extraordinary circumstances" are needed to overcome a presumption against intervention post-judgment, OSI Mem. at 9, the absence of subject matter jurisdiction supplies them.

The special nature of subject matter jurisdiction aside, the instant motion to intervene is timely. As noted in the initial briefing, timeliness is informed by three factors: (1) how far the proceedings have gone when the movant seeks to intervene; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. *In re Fine Paper Antitrust Litigation*, supra,

---

407 F.3d 1091, 1103-04 (10th Cir. 2005) ("any prejudice to either party resulting from [intervenor's] intervention on appeal is minimal compared with the importance of addressing the question of subject matter jurisdiction.").

695 F.2d at 500. In this case, the first (extent of proceedings) and third (reason for delay) prongs share a similar basis: as OSI acknowledges, this case was "highly expedited," Dkt. 67 at p. 9, and went from filing to judgment in just four months. The motion to intervene was filed within 15 days of the Court's summary judgment decision, on which judgment was entered. It was not until this Court's March 7, 2011 decision that the threat to FDIC-Receiver's interest took solid form. Especially in light of the FDIC-Receiver's limited resources, its motion to intervene should be deemed timely.

OSI does not respond to cases cited in the initial motion where intervention was granted despite the passage of longer periods of time. *ADAPT of Philadelphia v. Philadelphia Housing Authority*, 2004 WL 1858345 (E.D.Pa. Aug. 10, 2004) (1998 inception, 2002 settlement, intervention motion in 2004); *290 at 71, L.L.C. v. J.P. Morgan Chase Bank*, 2009 WL 378437 (W.D. Tex. 2009)(intervention in state court followed grant of summary judgment). In the same vein, the time elapsed here is much less than that found unacceptable in the cases OSI cites. In *Haymond v. Lundy*, 205 F.Supp.2d 390 (E.D.Pa. 2002), five months appeared to have elapsed before the motion was made. In *Bradburn Parent/Teacher Store, Inc. v. 3M*, 2004 WL 2900810 (E.D.Pa. Dec. 10, 2004), it was six months after proposed intervenor was excluded from the certified class, and two or more years from the start of the suit. In *Bank of America National Trust & Savings Ass'n v. Hotel Rittenhouse Assoc.*, 1987 WL 11908 (E.D.Pa. May 29, 1987), it was two years after entry of judgment. In *Astrazeneca AB v. Dr. Reddy's Laboratories, Ltd.*, 2010 WL 4387519 (D.N.J. Oct. 29, 2010), a patent case under the Hatch-Waxman Act, it was five years after the movant learned it would need to challenge a particular patent.

Turning to the claim of prejudice, there can be no prejudice to parties from delay in a proceeding which never should have been before the Court. *See, e.g., Acree v. Iraq, supra*, 370

F.3d at 50 (concluding that no party could assert prejudice arising from prospective-intervenor's motion "given the District Court's independent obligation to assure itself of its own jurisdiction"), *overruled on other grounds in Iraq v. Beaty*, ___ U.S. ___, 129 S.Ct. 2183 (2009). That OSI might have taken other discovery, or pursued another trial strategy, or not dropped one of its counter-claims in this Court, OSI Mem at pp. 19-20, is beside the point. None of those actions could have occurred in this Court in the absence of subject matter jurisdiction.

In sum, to the extent that the fundamental nature of a subject matter jurisdiction issue alone is not determinative, FDIC-Receiver's motion to intervene satisfies the standard for timeliness.

### B. FDIC-Receiver Possesses a Direct Interest in the Underlying Litigation.

OSI itself has provided dramatic proof of the direct and pragmatic impact of this decision on FDIC-Receiver by its over-reaching attempt to use the Court's construction of the P&A to extract additional sums from Customers Bank based on another failed bank's contract. See Dkt. 56, Exh. 2 (demanding payment under OSI contract with ISN Bank). OSI has contracts with numerous banks which have failed. FDIC-Receiver must anticipate that OSI will now rely on the result in this case to argue that all existing P&As require OSI contracts to be treated as service agreements, to be deemed accepted by the assuming bank if not rejected within 30 days. It is therefore unsurprising that OSI has failed to respond to FDIC-Receiver's argument that this is akin to a precedential construction of a statute or regulation. Br. at 13-14 (citing *Sierra Club v. Glickman*, 82 F.3d 106, 109-110 (5th Cir. 1996)(per curiam); *Kleisser v. U.S. Forest Service, supra*, 157 F.3d at 973; *Michaels Stores, Inc. v. Castle Ridge Plaza Associates*, 6 F. Supp.2d 360 (D.N.J. 1998)). Indeed, OSI more recently has conceded the central role of the P&A here, stating "this litigation involved a highly complex dispute between sophisticated businesses

surrounding a more than one hundred page Purchase and Assumption Agreement as well as two agreements related to highly technical data processing services." Dkt. 67 at p. 8. It also argues that FDIC-Receiver is bound by the Court's construction of the P&A as "law of the case." OSI Mem. at p. 20.

OSI stands wholly silent in the face of the FDIC-Receiver's "broader interest in protecting the proper and consistent application of the Congressionally designed framework to ensure the safety and integrity of the federal deposit insurance system." *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 424 (5th Cir. 2002). This fits squarely within the rule enunciated by the Third Circuit, that "if [an official's] rights and duties, as defined, would be affected directly by the litigation, the [official] would have a sufficient interest to intervene as of right." *Harris v. Reeves*, 946 F.2d 214, 219-20 (3d Cir. 1991), Br. at p. 11.[4]

None of the would-be intervenors in the cases OSI cites had an interest remotely comparable to that of FDIC-Receiver here. *Liberty Mutual Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005), for example, involved asbestos injury plaintiffs who sought to intervene in an insurance coverage dispute between the defendant and its carriers. By contrast, in *290 at 71, LLC v. JP Morgan Chase Bank, N.A., supra*, intervention was allowed previously.

OSI's attempt to distinguish the recent on-point decisions in *Interface Kanner, Inc. v. J.P. Morgan Chase Bank Nat'l Assoc.*, No. 10-14068-CIV-GRA/LYNCH (S.D. Fla. Mar. 18, 2011), Dkt 61, Exh. A, and *Firestone Brookshire HE, LLC v. J.P. Morgan Chase Bank*, CV 10-9155-VBF(FMO) (C.D. Cal. Mar. 18, 2011), Dkt. 61, Exh. B, discussed at Br. at pp. 8-10, merely notes they involved leases and a different P&A provision. That is a distinction without a

---

[4] OSI ignores *Harris v. Reeves* despite citing an earlier Third Circuit decision involving the same parties and issues, *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987), OSI Mem. at p. 10.

difference; what is of moment is that both decisions rejected the notion that strangers to the P&A for a failed bank had standing to bring suit to interpret a provision of the agreement. Allowing such litigation would frustrate the goals of FIRREA.[5]

Finally, OSI's brief fails to address FDIC-Receiver's exposure to an indemnification claim from Customers Bank under the P&A. The interpretation of the P&A here directly impacts FDIC-Receiver, as it provided an indemnification under the P&A. Thus, FDIC-Receiver possesses a further direct interest specific to this case – and a substantial one, given OSI's claims in excess of $3 million, Dkt. 56, Exh. 2.

## C. FDIC-Receiver Has Established Its Interest Is Not Adequately Represented in the Litigation.

In light of FDIC-Receiver's interests in this case, Fed. R. Civ. P. 24 entitles it to intervene if the current representation of that interest "may be" inadequate. "[T]he burden of making that showing should be treated as minimal." *Mountain Top Condominium Association v. Dave Stabbert MasterBuilder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995) (*quoting Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). FDIC-Receiver easily overcomes this "minimal" hurdle. As FDIC-Receiver noted in its initial brief, its interests differ from those of Customers Bank in some contexts—*e.g.*, indemnification of $3 million, where their interests are adverse. Nor can the FDIC-Receiver expect that Customers Bank will protect the public interests at stake in this matter. As the Fifth Circuit has stated, "Public agencies such as the FDIC must represent the public interest, not just the economic interests of one industry. That the FDIC's interests and Monogram's may diverge in the future, even though, at this moment, they appear to share

---

[5] OSI also advances the even more curious argument that the two cases should only "count" as a single case because both involved the failed Washington Mutual Bank. There is no

common ground, is enough to meet the FDIC's burden on this issue." *Heaton*, 297 F.3d at 425. The same is true here.

D. **FDIC-Receiver's Proposed Motion to Dismiss Satisfied The Purpose of Rule 24(c).**

FDIC-Receiver's proposed motion to dismiss satisfied the purpose of Rule 24(c) by setting out its interest in the case in far more detail than a pleading. As noted in our letter to the Court dated March 30, 2011, numerous courts have refused to give Rule 24(c) the constrained meaning OSI urges.[6] "Liberal construction of the rule is especially appropriate when the policy behind Rule 24(c) of providing notice to the existing parties of the basis and nature of the intervenor's claims has been satisfied." *Philadelphia Recycling & Transfer Station, Inc. v. City of Philadelphia*, 1995 WL 517644 (E.D.Pa. Aug. 29, 1995) (motion to intervene granted where accompanied by motion to dissolve temporary restraining order).

---

basis for this contention.

[6] We believe that FDIC-Receiver met the requirements of Rule 24 by submitting the proposed motion to dismiss. In any event, courts have read the pleading requirement generously. *See, e.g., Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 313-14 (6th Cir. 2005) (reviewing cases, concluding majority of circuits have favored a permissive interpretation); *U.S. v. Metropolitan St. Louis Sewer District*, 569 F.3d 829, 834 (8th Cir. 2009); *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir.), *cert. denied*, 506 U.S. 868 (1992); *Spring Const. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980); *Porter v. T.D. Bank, N.A.*, 2011 WL 925734 (E.D.Pa. March 14, 2011) ("Motions to intervene have been granted by courts within the Third Circuit despite the movant's failure to adhere precisely to the requirements of Rule 24(c), where the purpose of intervening was sufficiently clear.") (intervention denied where nature of claims not set forth with any specificity); *Frank M. Sheesley Co. v. St. Paul Fire and Marine Ins. Co.*, 239 F.R.D. 404, 411 (2006)("This wealth of case law demonstrates that the waiver of procedural defects in intervention attempts is often prompted by the merits of the motion itself, the lack of prejudice to the parties, and the principle that Rule 24 is intended simply to notice the parties as to the applicant's position and arguments.") (motion to intervene granted where accompanied by motion to compel arbitration and to stay litigation).

## CONCLUSION

For all the reasons set forth in its initial brief and above, FDIC-Receiver's motion to intervene pursuant to Fed. R. Civ. P. 24 as of right, or in the alternative, permissively, should be granted.

Dated: April 13, 2011

                                   Federal Deposit Insurance Corporation
                                   Legal Division – New York Legal Services Office
                                   350 Fifth Avenue, Suite 1200
                                   New York, NY 10118
                                   Telephone: (917) 320-2855
                                   Facsimile: (917) 320-2917
                                   E-mail address: thclark@fdic.gov

                                   By: s/ Thomas M. Clark
                                         Thomas M. Clark [Pa. Attorney ID No. 31170]

                                                     and

                                   David Jacoby
                                   Judith S. Roth
                                   Schiff Hardin LLP
                                   900 Third Avenue, 23rd Floor
                                   New York, New York 10022
                                   212 753-5000[*]

                                   Attorneys for Proposed Intervenor
                                   The Federal Deposit Insurance
                                   Corporation as Receiver for USA Bank

NY\50967517.1

---

[*] Mr. Jacoby and Ms. Roth will file motions for admission *pro hac vice* upon the Court's granting the motion to intervene.

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on April 13, 2011 using the ECF System, which will send notification to all parties of record.

/s/ Thomas M. Clark
Thomas M. Clark

NY\50967535.1