IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK | : : : | CIVIL ACTION |
| v. | : : | |
| OPEN SOLUTIONS, INC. | : | NO. 10-6537 |

MEMORANDUM

Bartle, C.J.                                                May 2, 2011

       Before the court is the motion of the Federal Deposit Insurance Corporation ("FDIC") to intervene as a party in this action under Rule 24 of the Federal Rules of Civil Procedure.

       New Century Bank, doing business as Customers Bank ("Customers"), filed suit against defendant Open Solutions, Inc. ("OSI"). Customers asked the court to place Customers in possession of certain data files Customers had purchased from a failed bank through the FDIC in its role as the failed bank's receiver. OSI filed a counterclaim against Customers. According to the counterclaim, Customers assumed a contract with OSI in the course of its acquisition of the failed bank from the FDIC. Customers denied having assumed any contract with OSI.

       Among other things, Customers moved to dismiss the counterclaim on the ground that OSI lacked standing and that OSI was attempting to circumvent 12 U.S.C. § 1821(d)-(e), which in Customers' view, required OSI to obtain the relief sought in the counterclaim by filing an administrative claim for monetary

damages with the FDIC.  The court denied Customers' motion to dismiss.  In a memorandum dated January 25, 2011, it concluded that OSI had standing to bring its counterclaim and that § 1821(d)-(e) did not limit OSI's ability to sue Customers for breach of the contract Customers allegedly assumed.  The court and the parties agreed on an expedited discovery and trial schedule because of representations by Customers that a court decision was necessary before certain deadlines imposed by the FDIC on Customers' operations.

After a one-day bench trial, the court issued findings of fact and conclusions of law on March 7, 2011.  The court found that Customers did assume a contract with OSI as part of its dealings with the FDIC and that Customers stood in breach of that contract.  We entered judgment for OSI accordingly.[1]

On March 22, 2011, the FDIC moved to intervene, presumably as a counterclaim defendant.  The FDIC argues that it is entitled to do so as of right under Rule 24(a) of the Federal Rules of Civil Procedure and, in the alternative, that it should be permitted to do so under Rule 24(b).  Contemporaneous with its motion to intervene, the FDIC submitted a motion to dismiss OSI's counterclaim for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  In the alternative, the motion requests the court to amend its judgment

---

1.  Customers has moved the court to amend the judgment entered in favor of OSI on the counterclaim and has asked the court to stay its judgment pending appeal.  That motion remains pending.

to find that Customers did not assume a contract with OSI. OSI opposes the FDIC's motion to intervene.

The FDIC requests permission to intervene under Rule 24(b)(2) of the Federal Rules of Civil Procedure. Under that rule, the court may, in its discretion, permit a government agency to intervene if the agency makes a timely motion, states a claim or defense based on a statute the agency administers, and will not unduly delay or prejudice the original parties. Fed. R. Civ. P. 24(b)(2)(A)-(B); Harris v. Pernsley, 820 F.2d 592, 597 (3d Cir. 1987).

Whether a motion to intervene is timely is determined in light of all of the circumstances. In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982) (citing NAACP v. New York, 413 U.S. 345, 366 (1973)). To evaluate timeliness, we consider "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Mtn. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995).

This case has been fully litigated and final judgment on all counts was entered several weeks before the FDIC moved to intervene. The FDIC's primary purpose for intervening at this late stage is to contest this court's subject-matter jurisdiction over OSI's counterclaim. FDIC, in its motion to dismiss, argues that pursuant to 12 U.S.C. § 1821(j), the court lacked jurisdiction over OSI's counterclaim. Section 1821(j), a portion of the Financial Institutions Reform, Recovery and Enforcement

Act of 1989, provides that "Except as provided in this section, no court may take any action ... to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or receiver."

We must dismiss a claim "at any time" if we determine that we lack subject-matter jurisdiction over it. Fed. R. Civ. P. 12(h)(3); see Burg v. U.S. Dep't of Health and Human Servs., 387 Fed. App'x 237, 239 (3d Cir. 2010); Painter v. Harvey, 673 F. Supp. 777, 777-78 (W.D. Va. 1987). Thus, we may hear a motion to dismiss a counterclaim for lack of subject-matter jurisdiction under Rule 12(b)(1) at any stage of the case, even following trial. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977). Our Supreme Court has held that entry of judgment does not necessarily make a motion to intervene untimely if a government agency seeks to represent the public interest by demonstrating "an improper exercise of the court's jurisdiction." S.E.C. v. U.S. Realty & Improvement Co., 310 U.S. 434, 442-43, 458-59 (1940). Here, the FDIC seeks to intervene for just that purpose.

The prejudice to OSI in allowing the FDIC to intervene will be small. The FDIC has not proposed to state claims against OSI,[2] and resolution of the FDIC's motion to dismiss will not require a re-opening of discovery or re-litigation of the claims

---

2. The FDIC has suggested it may be required to litigate against Customers under a contractual indemnification provision if the judgment in OSI's favor is not vacated. Customers has not opposed the FDIC's motion to intervene.

adjudicated at trial.  OSI will merely be required to oppose the FDIC's motion to dismiss, which raises an argument not previously litigated in this case, that is, whether 12 U.S.C. § 1821(j) deprives this court of subject-matter jurisdiction over OSI's counterclaim.  Neither Customers' motion to dismiss nor its motion for reconsideration relied upon § 1821(j).[3]

From comments made by Customers' counsel, Customers and the FDIC were in close communication about this litigation at its very early stage.  The FDIC asserts that it did not seek to intervene until after judgment was entered because only at that point did the court interpret the contract between the FDIC and Customers in a manner the FDIC considers adverse to its interests.  We do not find this reasoning persuasive.  The FDIC should have known at least from our January 25, 2011 Memorandum explaining the denial of Customers' motion to dismiss that an interpretation of certain language in the contract between FDIC and Customers would be required.  In fact, on February 7, 2011, FDIC employee Robert Schoppe signed a declaration used in support of Customers' motion to reconsider the opinions expressed in the January 25 Memorandum.  While the FDIC should have moved to intervene sometime sooner, we recognize that the issue it raises is one of public importance.  We deem the FDIC's motion to be timely.

---

3. OSI will be required, of course, to respond to the FDIC's alternative arguments regarding Customers' assumption of the contract.  This should not be onerous given how well-plowed that ground now is.

OSI argues that the FDIC's motion to dismiss does not comply with the requirement of Rule 24(c) of the Federal Rules of Civil Procedure. Rule 24(c) states that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." A motion to dismiss for lack of subject-matter jurisdiction is not a pleading within the meaning of Rule 7 of the Federal Rules of Civil Procedure. Lack of subject-matter jurisdiction is a defense, however, and litigants are expressly permitted to raise that defense by motion. See Fed. R. Civ. P. 12(b)(1). Further, other courts have liberally construed the "pleading" requirement of Rule 24(c) to embrace other filings as long as the documents filed clearly notify the original parties of the position the applicant intervenor will assert. See United States ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co., 239 F.R.D. 404, 410-12 (W.D. Pa. 2006); see also Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992). The FDIC's motion to dismiss and alter or amend the judgment puts the court and other parties on clear notice of the position the FDIC will advance. This satisfies Rule 24(c).

Under all the circumstances, the court will permit the FDIC to intervene under Rule 24(b)(2) as a counterclaim defendant. Consequently, we need not decide whether the FDIC has a right to intervene under Rule 24(a). The motion of the FDIC to dismiss the counterclaim for lack of subject-matter jurisdiction and to alter or amend the judgment will be deemed filed.