IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPEN SOLUTIONS, INC.<br><br>    Defendant. | CIVIL ACTION NO. 10-cv-06537-HB |

**JOINDER OF NEW CENTURY BANK D/B/A CUSTOMERS BANK
TO FDIC RECEIVER'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
AND TO ALTER OR AMEND JUDGMENT**

Plaintiff/Counterclaim Defendant, New Century Bank d/b/a Customers Bank ("Customers"), hereby joins and incorporates by reference the Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Alter or Amend Judgment filed by the Federal Deposit Insurance Corporation, in its capacity as receiver for USA Bank ("FDIC-Receiver").

As demonstrated in FDIC-Receiver's Motion, under the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821 et seq. ("FIRREA"), the Court lacks subject matter jurisdiction over the counterclaims asserted by Defendant/Counterclaim Plaintiff, Open Solutions, Inc. ("OSI").  OSI's counterclaims improperly seek a judicial determination that would restrain or affect FDIC-Receiver's exercise of its powers and functions in violation of 12 U.S.C. § 1821(j).  OSI's counterclaims are also barred by 12 U.S.C. § 1821(d)(13)(D), which removes subject matter jurisdiction over any claims that seek a "determination of rights with respect to [ ] the assets of any [failed] depository institution" or that otherwise "relat[e] to any act or omission" of FDIC-Receiver, if those claims

were not first submitted to FDIC-Receiver for review, and 12 U.S.C. § 1821(d)(13)(ii), which bars jurisdiction over "any claim relating to any act or omission of such institution or the Corporation as receiver." The jurisdictional bars set forth in 12 U.S.C. § 1821(j) and § 1821(d)(13) are not limited to only claims brought against FDIC-Receiver; they also apply to the claims asserted against Customers in this litigation. See Hindes v. F.D.I.C., 137 F.3d 148, 160 (3d Cir. 1998) (concluding that "a court order which operates against a third party is precluded by section 1821(j) if the order would have the same effect from the FDIC's perspective as a direct action against it precluded by section 1821(j)"); Village of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 386 (6th Cir. 2008) (rejecting plaintiffs' argument that § 1821(d)(13) did not apply to claims against an acquiring institution).

In addition, as set forth at length in Customers' Motion to Amend Findings of Fact and Conclusions of Law and to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure 52(b), 59(a)(2), and 59(e), and to Stay Enforcement of the Judgment Pursuant to Federal Rule of Civil Procedure 62, (Dkt. No. 56), and in FDIC-Receiver's Motion to Dismiss, (Dkt. No. 61), OSI's claims are improper for the additional reason that OSI, as a non-party to the Purchase and Assumption Agreement between Customers and FDIC-Receiver, lacks standing. See Interface Kanner, LLC v. JP Morgan Chase Bank, National Assoc., Case No. 10-14068 (S.D. Fla. Mar. 18, 2011); Firestone Brookshire HE, LLC v. JPMorgan Chase Bank, CV 10-9155-VBF (C.D. Cal. Mar. 18, 2011); GECCMC 2005-C1 Plummer Street Office Limited Partnership, Civ. A. No. 2:10-cv-01615, 11-12 (C.D. Cal. Jul. 7, 2010); Accardi Endeavors, LLC v. FDIC, No. 8:10-cv-839-T-26EAJ, 2010 WL 3123085 at * 4 (M.D. Fla. Aug. 9, 2010); Witchita Falls Office Assocs. v. Banc One Corp., Civ. A. No. 3:90-cv-1301 (N.D. Tex. Nov. 22, 1993); Old Stone Bank v. Fidelity Bank, 749 F. Supp. 147 (N.D. Tex. 1990).

For all of the foregoing reasons, and those set forth in Customers' Motion to Amend Findings of Fact and Conclusions of Law and to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure 52(b), 59(a)(2) and 59(e) (Dkt. No. 56) and in FDIC-Receiver's Motion, the Court should alter or amend its judgment to find against OSI and enter judgment in favor of Customers and FDIC-Receiver.

Respectfully submitted:

/s/William T. Mandia
Nicholas Deenis (PA I.D. No. 62378)
Andrew K. Stutzman (PA I.D. No. 72922)
William T. Mandia (PA I.D. No. 91792)
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120

*Attorneys for Plaintiff/Counterclaim Defendant,
New Century Bank d/b/a Customers Bank*

Dated: May 31, 2011

## CERTIFICATE OF SERVICE

I, William T. Mandia, hereby certify that on May 31, 2011, I filed the foregoing Joinder of New Century Bank d/b/a Customers Bank in FDIC-Receiver's Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Alter or Amend Judgment . These documents are available for reviewing and downloading by the following from the ECF system and have been served via electronic mail on the following:

>Ronald J. Shaffer
>Scott L. Vernick
>Dana S. Katz
>Fox Rothschild LLP
>2000 Market Street, Twentieth Floor
>Philadelphia, PA 19103
>
>*Attorneys for Defendant/Counterclaim Plaintiff,*
>*Open Solutions, Inc.*
>
>David Jacoby
>Judith S. Roth
>Schiff Hardin LLP
>900 Third Avenue, 23rd Floor
>New York, NY 10022
>
>*Attorneys for the Federal Deposit Insurance Corporation,*
>*in its capacity as Receiver for USA Bank*

>s/ William T. Mandia
>William T. Mandia

# 1376885