**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK, | |
| Plaintiff/Counter-defendant, | |
| and | |
| THE FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for USA Bank, | CIVIL ACTION NO. 10-cv-06537-HB |
| Intervenor/Counter-defendant, | |
| v. | |
| OPEN SOLUTIONS, INC. | |
| Defendant/Counter-plaintiff. | |

**FDIC-RECEIVER'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION
AND TO ALTER OR AMEND THE JUDGMENT**

The Federal Deposit Insurance Corporation as Receiver for USA Bank ("FDIC-Receiver") submits this reply memorandum in support of its motion to dismiss the counterclaims brought by Open Solutions, Inc. ("OSI") for lack of subject-matter jurisdiction and, alternatively, to alter or amend the judgment.

## INTRODUCTION

OSI's response has not resolved any of the three separate jurisdictional barriers to its counterclaims. First, OSI has not justified its standing to seek judicial construction of a contract to which it is not a party before a court determines whether there is jurisdiction to enforce it. Second, OSI has not overcome the statutory requirement that any claim relating to any act of the receiver must first be pursued through an established administrative-claims process under 12

U.S.C. § 1821(d)(13)(D). Third, OSI has not demonstrated that it can seek to enforce contract rights that the FDIC-Receiver repeatedly has said were repudiated. On the contrary, such enforcement would directly "restrain or affect" the FDIC-Receiver's statutorily granted power to repudiate contracts of failed financial institutions, in violation of 12 U.S.C. § 1821(j). When it granted the FDIC-Receiver's motion to intervene, the Court specifically flagged this third jurisdictional obstacle as "an argument not previously litigated in this case, that is, whether 12 U.S.C. § 1821(j) deprives this court of subject-matter jurisdiction over OSI's counterclaim." (Dkt. 72, Slip Op. at 5.) Yet OSI barely even discusses the problem, devoting only a few pages at the end of its brief to the point and entirely failing to resolve the issue.

OSI's counterclaims can survive only if it overcomes all three of these jurisdictional barriers. OSI has not carried—and cannot carry—this burden. Initially, OSI conflates the question of standing to enforce the Purchase and Assumption Agreement ("P&A") between the FDIC-Receiver and Customers Bank with the question of how to interpret that contract—two entirely separate issues. OSI's belabored discussion of the "law of the case" doctrine and the standards under Rule 59 is irrelevant because those legal principles are inapplicable to jurisdictional defects, such as OSI's lack of standing and its failure to comply with the administrative-claims process. And OSI has not distinguished its situation from the most recent cases that have considered and rejected its standing theory.

OSI also cannot establish subject-matter jurisdiction in the face of the requirement that it exhaust the administrative-claims process. OSI's counterclaims are an improper request to determine rights with respect to receivership assets and relate to "any act or omission" of the FDIC-Receiver under 12 U.S.C. § 1821(d)(13)(D)(i) and (ii) that could proceed—if at all—only after OSI exhausts its administrative remedies. It has not done so.

Finally, OSI's requested declaration that its USA Bank contract was assumed by Customers Bank would defeat the FDIC-Receiver's exercise of its power to repudiate that contract. To permit the FDIC to carry out its functions as receiver, 12 U.S.C. § 1821(j), part of the Financial Institution Reform Recovery and Enforcement Act ("FIRREA"), curtails the jurisdiction of federal and state courts to restrain or affect the FDIC's exercise of its powers and functions as a receiver. It is undisputed that repudiating contracts is a core power and function granted to the FDIC-Receiver under § 1821(e)(1).

Although the singular focus in OSI's response brief is on the conduct of Customers Bank, what matters under § 1821(j) is the conduct of the FDIC-Receiver. Whether or when an acquiring institution like Customers Bank assumes a contract has no bearing on the FDIC-Receiver's power to repudiate that contract. The FDIC as receiver can repudiate any contract to which a failed institution was a party at the time of the failure even if that contract was assumed immediately by an acquiring institution under a P&A executed the day of the FDIC's appointment as receiver. Accordingly, OSI's challenge to the FDIC-Receiver's valid and appropriate repudiation of this onerous agreement is barred by § 1821(j).

Because the Court lacks subject-matter jurisdiction over OSI's counterclaims, the Court should vacate its judgment and dismiss the counterclaims on jurisdictional grounds. Alternatively, the judgment should be altered or amended to reflect that the FDIC-Receiver's interpretation of the P&A is correct.

## I.   OSI CANNOT ESTABLISH ITS STANDING TO SUE AND THEREFORE SUBJECT-MATTER JURISDICTION IS LACKING.

The bulk of OSI's response attempts to defend its standing to sue, a jurisdictional issue, principally on the theories that the FDIC-Receiver has not satisfied the requirements of Rule 59(e) and that standing is established as the "law of the case." But the standard under Fed. R.

Civ. P. 59(e) in no way applies to issues of subject-matter jurisdiction.  As this Court noted, absence of subject-matter jurisdiction must lead to dismissal "at any time."  Docket 72 at slip op. p. 4 (citing *Burg  v. U.S. Dep't of Health and Human Services*, 387 Fed App'x 237, 239 (3d Cir. 2010), and *Painter v. Harvey*, 673 F.Supp. 777, 777-78 (W.D. Va. 1987), *later aff'd*, 863 F.3d 329 (4th Cir. 1988)); *see also U.S. v. Mun. Auth. Of Union Twp.*, 181 F.R.D. 290, 293 (M.D. Pa. 1996) (Rule 59(e) authorizes correction of manifest errors of law).

Invoking the "law of the case" is equally unavailing.  That doctrine obviously does not apply to the jurisdictional arguments that the Court has not considered, such as those discussed in Point III, *infra*.  *See United States  v. Daniels*, 209 Fed. Appx. 191, 194 (3d Cir. 2006) ("This doctrine is prudential and does not apply to dicta or issues not actually decided, either expressly or by implication, in a prior appeal."); *In re City of Philadelphia Litigation*, 158 F.3d 711, 718 (3d Cir. 1998)(both cases cited by OSI).  Nor does the "law of the case" apply to the FDIC-Receiver's standing arguments, since (i) the FDIC-Receiver had no prior opportunity to make the arguments, and (ii) the arguments are undisputedly jurisdictional.  *In re W.R. Grace & Co.*, 591 F.3d 164, 174 (3d Cir. 2009) (law-of-the case doctrine applies only where the "same parties and issues" are involved and "is not a fixed rule that prevents a federal court from determining the question of its own subject matter jurisdiction in a given case") (second quote from *Baca v. King,* 92 F.3d 1031, 1035 (10th Cir. 1996)); *Council Tree Communications, Inc. v. F.C.C.*, 503 F.3d 284, 292 (3d Cir. 2007) ("law of the case cannot confer subject matter jurisdiction"); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 515 (4th Cir. 2003) (same).

Nor is OSI correct that because the Court has "jurisdiction to determine its jurisdiction" it could address the merits of OSI's contract interpretation arguments in deciding whether OSI had standing to seek an interpretation of the P&A in the first place.  (Dkt. 75, Response Br. at 14.)

Federal courts can address "the merits" as part of a jurisdictional inquiry only where jurisdiction and the merits are inescapably intertwined. (That situation is the one that the courts addressed in the cases that OSI has cited: *United States v. Ruiz*, 536 U.S. 622, 626-28 (2002) and *United States v. Mine Workers*, 330 U.S. 258, 291-92 (1947).)

In contrast, here jurisdiction and the merits present two separate questions. The first question—which is the jurisdictional question—turns on the law of contract *enforcement*: Does a non-party to a contract like OSI have the right to request judicial construction of the contract's terms (in a way that contradicts the mutual understanding of the contracting parties) if the non-party is not a third-party beneficiary of the contract? The second question—which is the merits question—turns on the law of contract *interpretation*: Using established principles of contract construction, is OSI's interpretation of Sections 4.7 and 4.8 of the P&A correct?

OSI has not justified answering the second question first and then using the answer to that question to resolve the first question. That result is exactly what the Supreme Court prohibited when it rejected the Ninth Circuit's notion of "hypothetical jurisdiction" in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-102 (1998), cited in the FDIC-Receiver's initial brief, Dkt 61 at p. 12. Because the standing question in this case is not dependent on the merits of OSI's contract-interpretation arguments, the Court should not have evaluated those arguments as part of the jurisdictional inquiry.

This conclusion is confirmed by the most recent decisions on this point. OSI suggests that *Interface Kanner, LLC v. JP Morgan Chase Bank, N.A.*, Civil Action No. 10-14068, (S.D. Fla. Mar. 18, 2011) (Dkt 61, Exhibit A), and *Firestone Brookshire HE, LLC v. JP Morgan Chase Bank, N.A.*, Civil Action No. 10-9155 (C.D. Cal. Mar. 18, 2011) (Dkt 61, Exhibit B), are distinguishable because J.P. Morgan Chase had declined the assignment of the leases in question

within the period set out in the P&A.  But that fact had no bearing on the courts' analyses in those cases and instead underscores why OSI's focus on the actions of the assuming bank is the wrong focus.

What both *Interface Kanner* and *Firestone Brookshire* recognized is that standing is a "threshold jurisdictional question which must be addressed *prior to* and *independent of* the merits of a party's claims." *Interface Kanner*, Slip Op. at 5-6 (quoting *AT&T Mobility, LLC v. Nat'l Assoc. for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)) (emphasis added).  These courts accordingly *never reached* the questions whether the assuming institution had taken an assignment of the contracts at issue, correctly recognizing that under *Steel Co.*, standing presented an antecedent issue that the courts had to resolve *before* the merits.  *E.g., Firestone Brookshire*, Slip Op. at 8 (resolving only the standing question: "given that the only two parties to the PAA agree on JPMorgan's interpretation [JP Morgan was the assuming bank] , this Court does not see any inequitable 'catch-22' in applying the general rule that a third party cannot enforce the covenants in a contract unless it is an intended beneficiary.").  Otherwise, as the *Interface Kanner* court stated, the "argument is circular.  Plaintiff needs to rely on its own interpretation of the [P&A] . . . to reach this result."  Slip Op. at 11.

The key is the FDIC-Receiver's actions under its statutory receivership powers, which it must exercise "within a reasonable period" following appointment under 12 U.S.C. §1821(e)(2), not the conduct of the assuming institution on which OSI would have the Court entirely focus. Thus, it is instructive that in *Interstate Kanner*, for example, the repudiation of the contract with the failed bank took place five months after the FDIC was appointed receiver, compared to just four months here.  Moreover, the P&A here, like the one in *Firestone Brookshire*, required any

conveyance to the assuming institution to be "by receiver's deed or receiver's bill of sale." PX

1, ¶3.3; *Firestone Brookshire* at p. 8. There was no such affirmative assignment here. [1]

## II.   OSI CANNOT CARRY ITS BURDEN TO ESTABLISH SUBJECT-MATTER JURISDICTION BECAUSE § 1821(d)(13)(D) WITHDRAWS JURISDICTION OVER ITS COUNTERCLAIMS.

The administrative-exhaustion requirements found in 12 U.S.C. § 1821(d)(13)(D) also

require dismissal of OSI's counterclaims for lack of subject-matter jurisdiction.  Section

1821(d)(13)(D) removes jurisdiction over any claims that seek a "determination of rights with

respect to[] the assets of any [failed] depository institution" or that otherwise "relat[e] to any act

or omission" of the FDIC as receiver if the claims were not first presented to the FDIC as part of

the administrative process for handling claims described in § 1821(d)(3) to (13).   Here there is

no dispute that the FDIC-Receiver notified OSI both that it was repudiating OSI's 2008 data-

processing agreement with USA Bank under § 1821(e)(1) and that OSI had to file a "**Proof of**

**Claim** form" within 90 days if it believed it had a claim against the receivership estate.

(Defendant's Trial Exhibit ("DX") 18 at 1 (bolding in the original).)  Because OSI never filed a

---

[1] Another federal district court has just adopted parallel reasoning in rejecting a non-party's lack of standing to construe a P&A.  In *J.P. Morgan Chase Bank, N.A. v. First American Title Ins. Co.*, Dkt 09-cv-14891 (E.D. Mich. June 10, 2011) (copy attached as Exhibit A), the court rejected a non-party's construction of the P&A entered into between J.P. Morgan and the FDIC following Washington Mutual's failure.  In language fully applicable here, the court refused to allow the defendant to claim that an asset both Chase and the FDIC had agreed was reserved with the receivership was in fact transferred under the P&A:

The Court declines to visit the interpretation issues because First American has not shown how it escapes the well-established rule that a stranger to a contract has no standing to challenge the parties' mutual understanding of their own contract. . . .  The Court will not interfere with the parties' intent.

Slip op. at p. 13 (citations omitted).  Unlike *Interface Kanner* and *Firestone Brookshire*, *First American* did not involve a real-estate lease for potential bank premises.

claim, § 1821(d)(13)(D) bars its counterclaims. Any other result would allow OSI to do an end-run around the administrative-claims process by suing the assuming institution and gain an improper super-priority over all of USA Bank's other unsecured creditors.[2]

OSI discusses § 1821(d)(13)(D) in only two paragraphs of its response brief, and there only reiterates its mistaken claim that § 1821(d)(13)(D) is inapplicable because "Customers Bank had already assumed the Agreements." (Dkt. 75, Response Br. at 18-19.) The argument is unsupported even by the cases that OSI has cited. Neither *Adagio Investment Holding Ltd. v. Federal Deposit Ins. Corp.,* 338 F. Supp. 2d 71 (D.D.C. 2004), nor *Lawson v. Federal Deposit Insurance Corp.,* 3 F.3d 11, 14 (1st Cir. 1993), even considered jurisdiction under 12 U.S.C. § 1821(d)(13)(D) (or 12 U.S.C. §1821(j)). *Adagio* involved the FDIC as receiver's duty to pay out insured deposits, which is not an issue here. *Lawson* upheld the FDIC as receiver's right to repudiate a failed bank's obligation to pay burdensome high interest rates on certificates of deposit contracts, thus supporting the FDIC-Receiver's position that it has broad rights under 12 U.S.C. §1821(e) to disaffirm or repudiate contracts of a failed bank. OSI's suggestion that *Lawson* establishes a bright line distinction between the actions of the assuming bank and the FDIC after execution of a purchase and assumption agreement is incorrect. (Dkt. 75, Response Br. at 15.) To the contrary, the *Lawson* court actually held that actions by the assuming bank "in substance" constituted the repudiation of the contracts by the FDIC itself. *Id.* at 15 ("In other words, the FDIC did not transfer the Lawson's CD contracts intact to a new obligor; it

---

[2] In addition, if OSI, as a creditor of the failed bank, could force the FDIC-Receiver to pay money damages to the acquirer simply by challenging the FDIC-Receiver's right to repudiate a burdensome contract, then OSI would recover more under the P&A transaction than it would have if the FDIC-Receiver had liquidated the bank's assets outside of its authority under § 1823. Under 12 U.S.C. § 1821(i)(2), such a result is prohibited.

effectively repudiated those contracts when it declined either to pay the promised interest itself or oblige anyone else to do so.").

Likewise, the two additional Eastern District of Pennsylvania cases cited by OSI actually *support* the FDIC-Receiver's position. *See Samuels v. Acme Market*, 845 F. Supp. 292 (E.D. Pa. 1994) (broadly construing "asset" within the meaning of 12 U.S.C. § 1821(d)(13)(D)); *Decrosta v. Red Carpet Ins. Internat'l, Inc.*, 767 F. Supp. 694 (E.D. Pa. 1991) (broadly construing "claim" within the meaning of 12 U.S.C. § 1821(d)(13)(D) and holding that this provision operates as a broad jurisdictional bar where plaintiffs have failed to exhaust the FIRREA administrative-claims process). Both of these cases were negligence actions seeking recovery under insurance policies. Both were dismissed for failure to comply with the administrative-claims process set out in 12 U.S.C. § 1821(d)(13)(D). No language in either case purports to limit the application of §1821 to claims asserted directly against the FDIC, as OSI suggests. (Dkt. 75, Response Br. at 18.) To the contrary, both cases rejected arguments that § 1821's jurisdictional bar was inapplicable because the claims in issue targeted insurance rather than the assets of the bank or the interests of the RTC. As the Sixth Circuit explained in *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 376 (6th Cir. 2008), FIRREA seeks to "provid[e] funds from public and private sources to deal expeditiously with faltering and failed savings and loans." Claims against acquiring banks are barred if they "relat[e][ to any act or omission" of the FDIC as receiver by virtue of §1821(d)(13)(D); otherwise, "the very litigation that FIRREA aimed to avoid" would occur. *Id* at 386. The FDIC-Receiver stressed this point in its opening brief, and OSI has just ignored it.[3]

---

[3] Cases OSI cites in discussing § 1821(j) also recognize the validity of the statutory withdrawal of jurisdiction by § 1821(d)(13)(D) absent compliance with the administrative claims requirements. *See Lawson v. FDIC, supra; Gross v. Bell Savings Bank PA SA*, 974 F.2d 404 (3d

### III.   OSI CANNOT CARRY ITS BURDEN TO ESTABLISH SUBJECT-MATTER JURISDICTION BECAUSE § 1821(j) WITHDRAWS JURISDICTION OVER OSI'S COUNTERCLAIMS.

The FDIC-Receiver explained in its opening brief how 12 U.S.C. § 1821(e) gives it the power to repudiate contracts of a failed institution and how § 1821(j) provides that "no court may take any action, except at the request of the Board of Directors [of the FDIC] by regulation or order, to restrain or affect the exercise of powers or functions of the [FDIC-Receiver] as a conservator or a receiver." Dkt. 61 at 3-10; 12 U.S.C. § 1821(j); *see also RPM Inv., Inc. v. Resolution Trust Corp.*, 75 F.3d 618, 622 & n.1 (11th Cir. 1996) (applying § 1821(j) to bar jurisdiction over a claim that would have affected or interfered with the statutory repudiation power in § 1821(e)). Here OSI's counterclaims would severely "restrain or affect" the FDIC-Receiver in the exercise of its powers. The counterclaims would undo the FDIC-Receiver's repudiation of the burdensome OSI contract and would put the FDIC-Receiver at risk of having to expend additional funds to reimburse Customers Bank for liabilities to OSI under the contract. (*See* Dkt. 3, Counterclaim ¶¶ 79-87 (seeking damages on account of Customers Bank's allegedly "falsely claiming Customers has repudiated the agreement[]" as well as a declaration that Customers Bank had assumed the agreement).) In response, OSI has cited no statutory language, case law, or even legislative history to show that this Court has jurisdiction over its counterclaims notwithstanding that the purpose of the counterclaims is to enforce an agreement that the FDIC-Receiver claims to have repudiated.

---

Cir. 1992); and *Radian Ins. Inc. v. Deutsche Bank Nat'l Trust Co.*, Civ. Action No. 08-2993, 2009 WL 3163557 (E.D.Pa. Oct. 1, 2009).

A.      **The FDIC-Receiver Properly Repudiated OSI's Contract Because It Did So In A "Reasonable Period."**

OSI's principal argument—that the FDIC-Receiver's power to repudiate contracts is restricted by the P&A (Dkt. 75, Response Br. at 15-16)—at best reflects a fundamental misunderstanding of how an FDIC receivership operates.  Under § 1821(e)(1), the "conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease-- (A) to which such institution is a party."  12 U.S.C. § 1821(e)(1)(A).  Under 12 U.S.C. § 1821(d)(2), the failed institution's rights and obligations under its contracts pass automatically and immediately to the FDIC as receiver at the inception of the receivership.  Any repudiation of such contracts necessarily comes later, after the receiver has had a chance to review the contracts and determine if repudiating any of them is appropriate under the statute.

This fact similarly disposes of OSI's assertion that "FIRREA does not empower the FDIC to repudiate a contract to which it is no longer a party."  (Dkt 75, Response Br. at 3.)  No authority is cited for this contention, and it makes no sense.  To protect the banking public, and pursuant to statutory mandate to resolve the affairs of the failed institution in the manner that would yield the least cost and expense to the Deposit Insurance Fund, 12 U.S.C. § 1823, the FDIC as receiver almost always enters into P&As the same day that the receivership commences.  Yet there is no dispute that the FDIC as receiver can repudiate contracts at a later date.  Accepting OSI's argument would mean that the receiver could not enter into a P&A at closing and enable the failed bank to reopen the next business day and serve its customers and community with minimal disruption, unless the receiver also jeopardized its ability later to repudiate the failed bank's onerous contracts after it had reviewed and identified them.  FDIC receiverships simply do not operate in such a fashion.  It is hard to imagine a scenario that would

more directly restrain the statutory powers of the FDIC as receiver to act to preserve the assets of failed banks than the argument advanced by OSI.

The only relevant limitation on the FDIC-Receiver's repudiation power found in § 1821(e) is that the receiver "shall determine whether or not to exercise the rights of repudiation under this subsection within a reasonable period following such appointment." 12 U.S.C. § 1821(e)(2). OSI has never argued that the FDIC-Receiver determined to repudiate the 2008 agreement between OSI and USA Bank beyond "a reasonable period" following the FDIC-Receiver's appointment. Nor has OSI responded to the FDIC-Receiver's point in its opening brief that this 2008 agreement superseded the 2005 agreement between OSI and USA Bank (which in any event the FDIC-Receiver later repudiated in an abundance of caution). (Dkt. 61, Opening Br. at 7 (citing Plaintiff's Exhibit ("PX") 6, ¶ XVIA). Courts have routinely found that repudiation within four months of the receiver's appointment (the period at issue in this case) occurs within a "reasonable period." *E.g.*, *Resolution Trust Corp. v. United Trust Fund, Inc.*, 57 F.3d 1025, 1034 (11th Cir. 1995); *Franklin Fin. v. Resolution Trust Corp.*, 53 F.3d 268, 272 (9th Cir. 1995); *Interface Kanner*, Slip Op. at 3; *Hackel v. F.D.I.C.*, 858 F. Supp. 289, 293 (D. Mass. 1994).

None of the cases that OSI has cited support the argument that the FDIC-Receiver has acted in a manner that would lift the § 1821(j) bar to subject-matter jurisdiction in this case. Indeed, virtually all of these cases, including two Third Circuit decisions, directly support the FDIC-Receiver's position that FIRREA removes jurisdiction over the counterclaims.

In both *Hindes v. The Federal Deposit Ins. Corp.*, 137 F.3d 148 (3d Cir. 1998), and *Gross v. Bell Savings Bank PA SA*, 974 F.2d 404 (3d Cir. 1992), the Third Circuit applied § 1821(j) as a jurisdictional bar. The *Hindes* court went further, directly rejecting OSI's

contention that § 1821(j) is no bar because "the FDIC is not a party to these proceedings." (Dkt.

75, Response Br. at 17.) It held that jurisdiction was absent because "the relief requested would

restrain or affect the exercise of powers and functions of the FDIC as receiver." *Id.* (assuming

bank's shareholders sought declaration that actions of state official in closing failed bank were

unconstitutional). The court stated: "We agree with the Court of Appeals for the First Circuit's

pragmatic suggestion that section 1821(j) precludes a court order against a third party which

would affect the FDIC as receiver, particularly where the relief would have the same practical

result as an order directed against the FDIC in that capacity." *Id.* Other authority from this

district that OSI has cited is in accord. *E.g.*, *Radian Ins., Inc. v. Deutsche Bank Nat'l Trust Co.,*

*et al.*, Civ. Action No. 08-2993, 2009 WL 3163557, at *6 (E.D. Pa. Oct., 1, 2009) (noting that it

is the plaintiff's burden to persuade the court that jurisdiction existed and that courts have

construed Section 1821(j) broadly to restrain judicial action that would interfere with the

exercise of the FDIC's powers as receiver *directly or indirectly*).[4]

Finally, there is no merit to OSI's contention that its Count I claim for damages can

proceed in the face of § 1821(j). The damages claim is predicated on OSI's declaratory-relief

---

[4] OSI's out-of-circuit authorities also are inapt. *Henrichs v. Valley View Development*,
474 F.3d 609 (9th Cir. 2007), was a quiet title action in which the FDIC as receiver was a
nominal defendant because it had assigned a loan and deed relating to disputed property at the
request of the lender. The Ninth Circuit dismissed the claim against the FDIC as moot and held
that it did not implicate FIRREA because the FDIC had not acted in the capacity of a receiver but
rather as an assignor of a note in which it retained no interest. Unlike *Henrichs*, the FDIC-
Receiver here has a direct interest and does invoke its statutory authority as receiver under
FIRREA. *Dennis Joslin Co., LLC v. Robinson Broadcasting Corp.*, 977 F. Supp. 491 (D.D.C.
1997), involved a third party seeking to stand in the shoes of the FDIC with respect to a note
assigned by the FDIC, first to one entity and then by that entity to another party. The Court
declined to apply 12 U.S.C. § 1821(j) because the plaintiff and ultimate holder of the note could
not show "that the FDIC's functions will be impaired in any way if this Court recognizes a
defense to this note." *Id.* at 493. By contrast, the FDIC-Receiver here itself has a direct interest
and has shown that its ability quickly and effectively to arrange for banks to assume the assets of

-13-

claim, hinging on a finding that Customers Bank was "falsely claiming Customers has repudiated the agreement[]" and thus that the FDIC-Receiver's repudiation of the agreement was in fact ineffective. Thus, OSI's damages claim would "restrain or affect" the FDIC-Receiver's statutory repudiation powers just as much as the claim for declaratory relief, and both claims are barred.[5]

### B.    The FDIC-Receiver Acted Well Within Its Powers When It Repudiated USA Bank's Contract with OSI.

OSI's alternative argument—that § 1821(j) is no bar because the FDIC-Receiver had no power to repudiate the OSI contract and thus "exceeded its authority under 1821(e)" (Dkt. 75, Response Br. at 16)—also is incorrect. First, this argument rests on the faulty premise that the FDIC-Receiver lacked the power to repudiate the OSI contract. More fundamentally, OSI's "exceeded its authority" argument misstates the point that cases like *Hindes* and many others have made. The FDIC-Receiver "exceeds its authority" for purposes of § 1821(j) only where it attempts to exercise powers of a variety that Congress never granted it (like attempting to levy a cigarette tax or trying to file a criminal information).

The FDIC-Receiver does not exceed its authority if it exercises statutorily granted powers—like the power to repudiate contracts under § 1821(e)—but does so imperfectly (or unlawfully). As the Third Circuit explained in *Gross, supra*, "the availability of injunctive relief does not hinge on our view of the proper exercise of otherwise-legitimate powers." 974 F.2d at

---

failed banks depends upon its ability to repudiate burdensome contracts entered into by the failed institutions.

[5] Nothing in the two cases that OSI has cited on this point is to the contrary. (Dkt. 75, Response Br. at 19-20.) In *Romacorp, Inc. v. Prescient, Inc.*, No. 1:10-cv-22872, 2011 WL 1430277 (S.D. Fla. April 14, 2011), the plaintiff *only* sought damages against the FDIC and therefore Section 1821(j) was not a bar. 126 F.3d at 6. *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir. 1997), was not a case where the damages claim was predicated on a declaration of rights that § 1821(j) prohibited. *Sharpe* is also very doubtful authority even in the Ninth Circuit, as recently observed in *Mile High Banks v. Federal Deposit Insurance Corp.*, No. 11-cv-01417-WJM-MJW (D. Colo. Jun. 2, 2011), Slip. Op. at 5-6 (copy attached as Exhibit B). *See also McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1078 (9th Cir. 2003) (labeling *Sharpe* an "unusual case").)

408. [6] "[E]ven if the RTC improperly or unlawfully exercised an authorized power or function, it clearly did not engage in an activity outside its statutory powers. Yet only the latter type of act could conceivably subject the RTC to injunction or rescission as an exception to the anti-injunction provisions of § 1821(j)." *Ward v. RTC,* 996 F.2d 99, 103 (5th Cir. 1993) (per curiam).

The same is true here. Repudiation is a critical statutory power granted under § 1821(e)(1). OSI seeks a declaration that the FDIC-Receiver's exercise of this power was ineffective, even though OSI is not suggesting that the FDIC-Receiver lacks the power to repudiate agreements in the first place. OSI's contentions accordingly are barred by § 1821(j).

## CONCLUSION

Despite its extensive analytical misdirection, OSI has been unable to demonstrate that its counterclaims do not affect the exercise of FDIC's power as receiver and do not relate to acts or omissions of the FDIC as receiver. OSI was alerted to the required administrative claim and failed to file it. In consequence, its counterclaims against Customers Bank lie beyond the jurisdiction of the Court. FDIC-Receiver respectfully submits that its motion to dismiss OSI's counterclaims against Customers Bank for want of jurisdiction should be granted, or, in the alternative, that its motion to alter and amend the judgment should be granted.

---

[6] *Accord*: *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 397-98 (3d Cir. 1991) (same); *see Volges v. Resolution Trust Corp.*, 32 F.3d 50, 52-53 (2d Cir. 1994) (reversing the district court on this basis: "The fact that the sale might violate Volges's state law contract rights does not alter the calculus."); *Nat'l Trust for Historic Pres. in U.S. v. F.D.I.C.*, 995 F.2d 238, 240 (D.C. Cir. 1993), *reh'g granted, judgment vacated*, 5 F.3d 567 (D.C. Cir. 1993) *and opinion reinstated in part on reh'g*, 21 F.3d 469 (D.C. Cir. 1994) ("We do not think it possible, in light of the strong language of § 1821(j), to interpret the FDIC's 'powers' and 'authorities' to include the limitation that those powers be subject to . . . any and all other federal laws."); *Bursik v. One Fourth Street North, Ltd.*, 84 F.3d 1395, 1397 (11th Cir. 1996) (Section 1821(j) applies "even if the [FDIC] violates its own procedures or behaves unlawfully."); *Courtney v. Halleran*, 485 F.3d 942, 948-49 (7th Cir. 2007) (rejecting an argument "that § 1821(j) cannot apply to actions of the FDIC that are *ultra vires* "); *Mile High Banks v. Federal Deposit Insurance Corp., supra*, (copy attached as Exhibit B) Slip Op. at 5-9 (collecting other cases).

Dated: June 14, 2011

David Jacoby
Judith S. Roth*
Schiff Hardin LLP
900 Third Avenue, 23rd Floor
New York, New York 10022
212 753-5000*

Federal Deposit Insurance Corporation
Legal Division – New York Legal Services
Office
350 Fifth Avenue, Suite 1200
New York, NY 10118
Telephone:  (917) 320-2855
Facsimile:   (917) 320-2917
E-mail address: thclark@fdic.gov


By: s/ Thomas M. Clark
       Thomas M. Clark
       [Pa. Attorney ID No. 31170]

*Attorneys for Intervenor The Federal Deposit Insurance Corporation,
as Receiver for USA Bank*

NY\50991133.1

---

\* Motion for admission *pro hac vice* pending.