IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW CENTURY BANK d/b/a CUSTOMERS BANK,<br><br>        Plaintiff/Counter-defendant,<br><br>and<br><br>THE FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for USA Bank,<br><br>        Intervenor/Counter-defendant,<br><br>v.<br><br>OPEN SOLUTIONS, INC.<br><br>        Defendant/Counter-plaintiff. | CIVIL ACTION NO. 10-cv-06537-HB |

**FDIC-RECEIVER'S RESPONSE TO NOTICE OF SUBSEQUENT AUTHORITY OF DEFENDANT-COUNTER-PLAINTIFF OPEN SOLUTIONS, INC.**

The Federal Deposit Insurance Corporation as Receiver for USA Bank ("FDIC-Receiver") submits this response to the Notice of Subsequent Authority of Defendant-Counter-plaintiff Open Solutions, Inc. ("OSI") dated July 12, 2011. (*See* Dkt. No. 83-1.) OSI's subsequent authority, *Excel Willowbrook, LLC v. JP Morgan Chase Bank*, No. H-09-2988, Mem. Op. & Order (Dkt. 65) (S.D. Tex. Jul. 11, 2011), does not support OSI's position or establish this Court's subject-matter jurisdiction for several reasons.

First, the *Excel* court did not address the jurisdiction-stripping provision found in 12 U.S.C. § 1821(j). In its May 2, 2011 opinion permitting the FDIC-Receiver's permissive intervention in this case, the Court specifically flagged § 1821(j) as "an argument not previously litigated in this case, that is, whether 12 U.S.C. § 1821(j) deprives this court of subject-matter jurisdiction over OSI's counterclaim." (Dkt. 72, Slip Op. at 5.) But *Excel* does not cite or

discuss this statute. The *Excel* court concluded that the leases in that case automatically were assumed by the acquiring institution. The Court never addressed whether the FDIC as receiver had effectively repudiated those leases. *Excel* accordingly is silent on a central question in this case: Can challenges to the effectiveness of the statutory power of the FDIC as receiver to repudiate onerous contracts—like OSI's challenge to the repudiation of its USA Bank agreement—proceed in the face of § 1821(j)? As the FDIC-Receiver has explained, the answer to that question is "no." Section 1821(j) withdraws all federal- and state-court jurisdiction over claims that would "restrain or effect" the FDIC as receiver in exercising its receivership powers—including its statutory power to repudiate contracts of failed financial institutions.

Second, the *Excel* decision turned on the fact that the claims in that case, according to the *Excel* court, would have a financial impact only on the assuming institution and not the FDIC as receiver. (Dkt. No. 83-1 at p. 14.). The same is not true here. The FDIC-Receiver in this case has potential indemnification obligations that a judgment for OSI might trigger. OSI accordingly had to run its claims through the FDIC-Receiver's administrative process, and its failure to do so deprives this Court of jurisdiction over the claims under 12 U.S.C. § 1821(d)(13)(D). As the Sixth Circuit explained in *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008), any claim that is "related to acts or omissions of the FDIC as the receiver" must go through the administrative process, even if the claim is not actually asserted against the FDIC as receiver but instead against the acquiring institution of a failed bank's assets. The *Excel* opinion does not address *Village of Oakwood* and thus contains no reasons to ignore the Sixth Circuit's analysis.

Third, later decisions brought to this Court's attention[1] apparently had not been brought to the *Excel* court's attention, even though one of these later cases (the *First American Title* case) involved the same J.P. Morgan Chase Purchase and Assumption Agreement ("P&A"). It also does not appear that the *Excel* court in the Southern District of Texas was made aware of this Court's decision permitting the FDIC-Receiver to intervene in this case (*see* Dkt. No. 72). Under these circumstances, the *Excel* court appears to have followed another decision under the J.P. Morgan Chase P&A from another Texas district court that erroneously had applied Texas state law rather than federal common law. *Excel*, Mem. Op. and Order at 8-12 (discussing *290 at 71, L.L.C. v. JPMorgan Chase Bank*, A-09-CA-576-SS, 2009 WL 3784347 (W.D. Tex. Nov. 9, 2009).) This Court obviously is not bound by either of these Texas district court decisions.

Finally, *Excel* continues the fundamental error begun in the *290 at 71* case of starting with the question how to interpret an FDIC receivership P&A instead of the threshold question whether the party advocating the interpretation has standing to do so. The analysis in *Excel* opens as follows: "The first issue concerns how to classify the contested leases under the PAA between the FDIC and Chase." Mem. Op. and Order at 9. But classification is not the "first issue." The "first issue" is whether the party urging the classification—the failed institution's lessors in *Excel*, and OSI in this case—possesses standing to advocate any interpretation of the P&A at all. Otherwise, the analysis proceeds in a vicious circle under which the answer to the merits question decides the entirely separate, threshold, jurisdictional question, which in turn decides the merits question. That approach violates the holding of *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-102 (1998), and many other cases outlawing consideration of the

---

[1] *J.P. Morgan Chase Bank, N.A. v. First American Title Ins. Co.*, Dkt 09-cv-14891 (E.D. Mich. June 10, 2011) (Dkt. No. 80-1); *Mile High Banks v. Federal Deposit Insurance Corp.*, No. 11-cv-01417-WJM-MJW (D. Colo. Jun. 2, 2011) (Dkt. No. 80-2).

merits before jurisdiction is resolved. In fact, *Excel* specifically rejects the third-party beneficiary theory on which OSI relies (Dkt. No. 83-1, slip op. at p. 11, n. 11). It would be manifestly unjust to allow a non-party to the P&A, and one who is not a third-party beneficiary, to enforce an assignment provision that benefits only the third-party, and goes against the intent and understanding of the parties to the P&A. As in Excel, OSI is not a party to the P&A, or a third-party beneficiary, and therefore, should have no standing to ask this court to rely upon the P&A as an assignment, or to interpret the P&A at all.

Accordingly, the *Excel* decision supports neither OSI's opposition to the motion of FDIC-Receiver (Dkt. No. 61) nor the motion of Plaintiff/Counter-defendant (Dkt. No. 56).

Dated: July 19, 2011

| | |
|---|---|
| David Jacoby<br>Judith S. Roth[*]<br>Schiff Hardin LLP<br>666 Fifth Avenue, 17th Floor<br>New York, New York 10103<br>212 753-5000[*] | Federal Deposit Insurance Corporation<br>Legal Division – New York Legal Services Office<br>350 Fifth Avenue, Suite 1200<br>New York, NY 10118<br>Telephone:  (917) 320-2855<br>Facsimile:    (917) 320-2917<br>E-mail address: thclark@fdic.gov |
| | By: s/ Thomas M. Clark<br>       Thomas M. Clark<br>       [Pa. Attorney ID No. 31170] |

*Attorneys for Intervenor The Federal Deposit Insurance Corporation,
as Receiver for USA Bank*

NY\51017967.1

---

[*] Motion for admission *pro hac vice* pending.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on July 19, 2011 using the ECF System, which will send notification to all parties of record.

/s/ Thomas M. Clark
Thomas M. Clark

NY\50967535.2